Wells v. The State.

---

THOMAS J. WELLS, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** VERDICT: HORSE-STEALING. The prisoner was indicted and convicted of the crime of horse-stealing. A motion was made to set aside the verdict and for a new trial, one of the grounds being the mistake of certain of the jurors, as shown by their affidavit, which was in substance that they supposed the offense to amount only to petit larceny if the value of the animal stolen were returned by them as being less than thirty-five dollars; that "they did not intend to convict the said defendant of a felony, but that they intended to convict him of petit larceny only," and that they "were of the opinion that the said defendant was not guilty of a greater crime than

petit larceny." *Held*, that this mistake of the jurors furnished no ground for setting the verdict aside.

2. ———. In the crime of horse-stealing the distinction of grand and petit larceny, which exists in the theft of other species of personal property, is not known. The character of the crime is the same whether the value of the animal be five hundred or only twenty dollars.

3. ———: .CHARGE TO JURY: INSANITY. It is not error for a court to refuse to instruct upon the matter of the prisoner's sanity, when there is no evidence tending to show that he is insane.

4. ———: EVIDENCE: CHATTEL MORTGAGE. To disprove the allegation of ownership of the horse, as alleged in the indictment, the prisoner offered in evidence a chattel mortgage, or bill of sale, of the animal to a third party, executed while he was the acknowledged owner, and which antedated the sale under which the alleged owners claimed. This was excluded on the ground of immateriality. *Held*, that the instrument was material, and its exclusion erroneous.

ERROR to the district court of Fillmore county. Tried there before WEAVER, J., upon an indictment against Wells for horse-stealing. Verdict of guilty and that value of horse stolen was $21. Wells moved for a new trial, assigning as one ground of the same that the jury had rendered a verdict under a misapprehension of the legal effect of the same. This ground was supported by the joint affidavit of nine of the jury, who made oath that they did not believe Wells guilty of a felony, and did not and would not so find, and that a verdict so finding was not their verdict. This affidavit was made and filed immediately on the termination of the trial. The court overruled the motion and entered judgment on the verdict and sentenced the prisoner to six years confinement in the penitentiary.

*James Laird* and *John Barsby*, for plaintiff in error. The affidavit of the jurors was competent. *Moffatt v. Bowman*, 6 Gratt., 219. *United States v. Reid*, 12 How-

ard, 361. *Norris v. State*, 3 Humphrey, 333. *Cochran v. State*, 7 Humphrey, 43. *Farrer v. State*, 2 Worden (Ohio), 54. Graham and Waterman on New Trials, 1433. *Packard v. United States*, 1 Green (Iowa), 255. *State v. Hascall*, 6 New Hampshire, 325. The chattel mortgage should been admitted in evidence. 2 Wharton Crim. Law, 1818. *Commonwealth v. Morse*, 24 Mass., 217. *Id. v. Manly*, 12 Pick., 173.

*C. J. Dilworth, Attorney General*, with *J. W. Eller*, for the State. Juror's affidavit not receivable to impeach their verdict. *Stanton v. The State*, 13 Ark., 317. *People v. Hartung*, 4 Park. Cr., 256. The mortgage, had it been introduced in evidence, would not have shown the title of the horse in Barsby. The title (proved by the state) to the horse was a legal title, and the mortgage being rejected was no prejudice to the rights of the prisoner. *Ward v. People*, 3 Hill (N. Y.), 396. *People v. Sprick*, 1 Parker Cr., 329. *People v. Bennett*, 36 N. Y., 117. *Owen v. State*, 6 Hump. (Tenn.), 330. *Hill v. State*, 1 Head (Tenn.), 454. *Langford v. State*, 8 Tex., 115. *State v. Bardison*, 75 N. C., 203. *Blackburn v. State*, 44 Tex., 450. *Cox v. State*, 43 Tex., 101. *State v. Pettis*, 63 Me., 124. *Mosley v. State*, 42 Tex., 78. *Petre v. State*, 35 N. J. L., 64. *State v. Mullen*, 30 Iowa, 203.

LAKE, J.

There was no error in refusing to set aside the verdict on the affidavit of the nine jurors of the panel that found it. They do not say that it fails to express their finding precisely upon the matter entrusted to their decision, viz., the larceny of the horse; but simply that the grade of the offense, and its punishment, are greater than they had supposed; so much so indeed,

that had they been advised of it, they would not have found him guilty.

With the punishment of the accused the jury had nothing to do. That was a matter exclusively within the province of the judge, within certain statutory bounds. Their duty was simply to pass upon the facts charged in the indictment, and whether the punishment to follow in case of conviction was in the penitentiary or only in the county jail, was a matter that could have no legitimate bearing upon the question of guilty or not guilty, which they were to answer. The rules of evidence and all the presumptions of law were the same, whether the punishment was more or less severe.

The purport of the affidavit is, that these jurors believed the prisoner stole the horse, but that they supposed the offense to amount only to petit larceny if the value of the animal stolen were returned by them as being less than thirty-five dollars, which they did without a particle of evidence to support them in it. Indeed, to use their own language, "they did not intend to convict the said Thomas J. Wells of a felony, but that they intended to convict him of petit larceny only," and that they "were of the opinion that the said defendant was not guilty of a greater crime than petit larceny." Their mistake, therefore, as before stated, was not in any act of their own—not in any expression of the verdict—but in their supposition that in horse-stealing the same distinction of grand and petit larceny exists as in the theft of other species of property. But no such distinction is known to our law, and the character of the crime is the same, whether the value of the animal be five hundred or only twenty dollars. No case has been cited, and we think none can be found in which a verdict has been set aside on such grounds.

The second error relied on is the refusal of the
court to admit in evidence a chattel mortgage of the
horse alleged to have been stolen, executed by the pris-
oner while he was the acknowledged owner, to one
John Barsby.   The indictment charged that the horse
when stolen was the property of James W. Eller and
Julius O. Chase.   There was testimony introduced by
the state which, uncontradicted, would justify the con-
clusion that this was true; but taking into considera-
tion the evidence offered on behalf of the prisoner, this
allegation of ownership, as to Chase, at least, was
placed in some doubt as to its correctness.   Eller and
Chase both swore that the latter was half owner with
the former; while Chase swore that his half interest
was obtained by the surrender of a mortgage on the
horse given him by Wells; while Wells for himself
testified, in effect, that the surrender of this mortgage
was not in consideration of Chase receiving an interest
in the horse, but on account of certain collaterals and
securities placed in his hands, and which he then had.
That on surrendering the mortgage, Chase said "he had
nothing to do with the horse," that "he had enough
collaterals and other securities for the horse.   He said
he had a few dollars in it; but I think he said he would
throw that off."   This testimony of the prisoner, as to
what Chase said to him, stands before us uncontra-
dicted; and it at least tends to show that in September,
1880, when Wells took the horse, Chase had no in-
terest in him whatever.

The tendency of the mortgage or bill of sale to Bars-
by, which was given in May, 1879, and antedated the
somewhat questionable sale by Wells to Eller, tended
to show ownership in the horse adverse to that charged
in the indictment, and we think should have been
submitted to the jury for that purpose, together with
the other evidence bearing on that point.   The question

of ownership was material, and all testimony tending to throw light upon it was certainly admissible.

There was no error in the refusal to charge upon the question of the prisoner's sanity. There was no evidence tending at all to show him not of sound mind at the time of the alleged offense, nor indeed at any other time. The refusal to instruct, when there is no evidence to which the instruction requested could possibly apply, is not error. Neither was it error for the judge merely to omit to instruct generally upon the law of the case. It is possible if a request to this effect had been made to the judge, that a refusal would have been erroneous. There are authorities that so hold; but as there was no request in this case, the question is not properly before us for decision.

For the error committed in the rejection of the chattel mortgage, the judgment is reversed and a new trial awarded.

REVERSED AND REMANDED.