JOHN RAY, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Criminal Law: CONCEALING HORSE THIEF: PRACTICE. At the November term, 1880, of the district court of F. County, T. J. W. was indicted, tried, and convicted of horse stealing. On the same day J. R. was indicted, tried and convicted for having con-

cealed the said T. J. W., shortly after he had stolen the said horse, knowing him to be a horse thief. T. J. W. brought his case to this court on error, where the judgment of the district court against him was reversed, and the cause remanded to the district court, in which last named court the said T. J. W. was discharged on his personal recognizance, to appear at the next term of court. The case of J. R. being also before this court on error, *held*, Without examining the errors assigned, that the judgment of the district court be reversed.

ERROR to the district for Fillmore county.

*O. P. Mason* and *J. Jensen*, for plaintiff in error.

*The Attorney General* for the State.

COBB, J.

The plaintiff in error was indicted, tried, convicted, and sentenced for a term of six years in the penitentiary for the offense of concealing Thomas J. Wells, an alleged horse thief. The record is brought to this court on error.

On the same day on which Ray was tried and convicted, Wells was tried and convicted of the crime of stealing a horse, being the same offense of which it is alleged that Ray knew him to be guilty when he concealed him. That case was brought to this court on error, and the judgment of conviction reversed. *Wells v. the State*, 11 Neb., 409. The cause was remanded to the district court, and Wells discharged on his personal recognizance. The spectacle is thus presented of a man serving as a felon in the penitentiary for concealing a horse thief, while by virtue of the judgment of this court the alleged horse thief himself has had the brand of felony removed from him, and is enjoying his liberty.

While there is no bill of exceptions accompanying the record in this case, and so we cannot tell upon what testimony Ray was convicted, yet it will be presumed that the record of Wells' conviction and the judgment against him

was a necessary and indispensable part of it. That record has been pronounced erroneous, and reversed. I therefore conceive it to be the duty of this court, having jurisdiction of the cause by virtue of the petition in error, to reverse the judgment in this case.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

MAXWELL, J., concurs.