WALKER. V. STATE..

1. INDICTMENT: *For hog stealing : Allegation of value not required.*
   No allegation of value is necessary in an indictment for stealing a hog, as such stealing is a statutory felony, without regard to the value of the animal.·

2. SAME: *For larceny.: Clerical error.:*
   An indictment which charges that the defendant "feloniously did steal, take and away one hog, etc.," is not bad for the omission of the word "drive" or "carry," before the adverb "away," as the intention to charge the asportation of the hog is evident, and the omission would not mislead a person of common understanding.—[Mansf. Dig., secs. 2107, 2454, 2468.]

APPEAL from *Conway* Circuit Court.

G. S. CUNNINGHAM, Circuit Judge.

The appellant *pro se.*

D. W. *Jones, Attorney General,* for the state.

COCKRILL, C. J. The sufficiency of the indictment is the only question presented by the record. Omitting the formal parts, the indictment charges that Walker, the appellant, "feloniously did steal, take and away" one hog, the property of P. H. James, against the peace and dignity of the state.

After conviction and sentence, the defendant moved to arrest the judgment—upon what ground the record does not disclose.

1. INDICTMENT: For hog stealing: Allegation of value.

1. There is no allegation of the value of the hog alleged to have been stolen, but as hog stealing is a statutory felony, without regard to the value of the animal, no allegation as to value is requred. *Bish. on Stat. Cr., sec. 427; 2 Bish. Cr. Pr., sec. 713; 1 Ib., sec. 541; State v. Daniels, 32 Mo., 558; Sheppard v. State, 42 Ala., 531; Adams v. Com., 23 Grattan, 949; Wells v. State, 11 Neb., 409; Davis v. State, 40 Tex., 134; People v. Townsley, 39 Cal., 405.*

*Houston v. State, 13 Ark., 66,* is not in conflict with this rule. In that case the value of the animal was alleged in

the indictment, and the court, without ruling that it was or was not surplusage, held only that the value was in fact proved on the trial. *Shepherd v. State,* 44 *Ark.,* 39 merely follows *Houston v. State, supra.*

II. The formal allegation in an indictment for this offense should be that the defendant "did steal, take and drive (or carry) away" the hog. The verb to be joined to and qualified by the adverb "away," is omitted in this indictment. That this is a clerical error is evident. If the omission would not mislead a person of common understanding, it would not vitiate the indictment. 1 *Bishop Cr. Pr., sec.* 357. If it would not mislead, the accused would not be prejudiced by the omission. The rule prescribed by statute is that "No indictment is insufficient, nor can the trial, judgment or other proceedings therein be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits," *Mansf. Dig., sec.* 2107 ; and this court is prohibited from reversing a judgment of conviction for any but prejudicial errors. *Ib., secs.* 2454, 2468 ; *State v. Ward,* 48 *Ark.,* 36.

*2. Same: For larceny: Clerical error.*

In *Green v. Commonwealth,* 111 *Mass.,* the indictment found in pursuance of a statute similar to ours, charged that the defendant " did feloniously take and steal " the articles mentioned, omitting the allegation of carrying away altogether ; but the court held that the omission was formal merely, the use of the word "steal" in the indictment, which was used in the statute, being sufficient for all practical purposes to prevent a misunderstanding of what was meant. Mr. Wharton thinks that is carrying the doctrine too far. *Whart. Cr. Pl. & Pr., sec.* 266 *n.* However that may be, it is not necessary to go the length of that ruling to sustain this indictment, for here the intention to charge the asportation is evident, and any word that can be supplied to conform to the sense of the context, will complete the allegation

of asportation. "If the sense be clear, nice exceptions ought not to be regarded," is language appropriate to the subject attributed to Lord Ellenborough. (*State v. Edwards*, 19 *Mo.*, 674); and even Sir Matthew Hale was of opinion that the great strictness demanded by the courts in indictments was "a blemish and inconvenience in the law and the administration thereof." 2 *Hale's Pleas of the Crown*, 193. The remedy for this "disease of the law," as be termed it, has been applied by the legislature sufficiently to cure the infirmity of this indictment, whatever other necessity for extension of the remedy may be wanting.

If the reasons for sustaining the judgment needed strengthening, support is found in the fact that the record does not show that the formal defect now objected to was specifically assigned as error in the circuit court.

There is no error in the record for which the judgment should be reversed, and it is affirmed.