HOUSTON *v.* STATE.

Opinion delivered October 7, 1899.

INDICTMENT FOR ALTERING MARK OF HOG—ALLEGATION OF VALUE.—In an indictment for a felony consisting of the felonious altering of the mark of a hog with intent to steal the same, it is unnecessary to allege the value of the animal. (Page 608.)

Appeal from Ouachita Circuit Court.

CHAS. W. SMITH, Judge.

*J. Y. Stevens,* for appellant.

The indictment was defective because it did. not allege the value of the hog　2 Bish. Cr. Proc. § 713; 33 Ark. 567; Sand. & H. Dig. § 1764. An indictment based on a statute must use such language as to clearly indicate the section upon which it is based. 1 Bish. Cr. Proc. § 612. The court erred in refusing the fourth and fifth instructions asked by appellant.

*Jeff Davis, Attorney General,* and *Chas. Jacobson,* for appellee.

The act of February 12, 1883, being subsequent to that on which this indictment was based (Sand. & H. Dig., § 1764), repeals the provisions of the latter as to punishment, and substitutes its own therefor.

RIDDICK, J. The appellant, Will Houston, was convicted of the crime of altering the mark of a hog, the property of T. J. Featherston, with intent to steal the same. The only question raised on his appeal to this court is whether it is necessary for the indictment to allege the value of the animal in offenses of that kind. The statute under which Houston was indicted was passed in 1869, and is as follows: "If any person shall mark, brand, or alter the mark or brand of any animal the subject of larceny, being the property of another, with an intent to steal or convert the carcass or skin of any such animal to his own use, or to prevent the identification thereof by the true owner, he shall on conviction be punished in the manner pre-

scribed by law for feloniously stealing property the value of such animals." Sand. & H. Dig., § 1764.

We think that the legislature intended by this statute to make the crime of altering the mark of a hog or a cow with intent to steal it punishable in the same way that the larceny of such an animal was punished. The statute, in effect, we think, means that one who commits such a crime shall be punished in the manner prescribed by law for feloniously stealing property of that kind and value. At the time this statute was passed, it was only petit larceny to steal a hog or cow under the value of ten dollars, but subsequently in 1883 the following statute was passed:

"Every person who shall mark, steal or kill or wound with intent to steal any kind of cattle, pigs, hogs, sheep or goats shall be guilty of a felony, and, upon conviction thereof, be imprisoned at hard labor in the penitentiary for any time not less than one year nor more than five years." Sand. & H. Dig. § 1700.

This statute makes it a felony to steal a hog without regard to its value. *Walker* v. *State*, 50 Ark. 532. As we think that the legislature, by the statute of 1869 first referred to, intended to punish one who altered the mark of a hog with the intent to steal it just as the larceny of such a hog would be punished, we are of the opinion that, since the passage of the statute of 1883 making it an offense punishable by imprisonment in the penitentiary to steal a hog without regard to its value, the same punishment is to be applied to one who alters the mark of a hog with intent to steal it.

We therefore hold that the circuit court did not err in holding it to be unnecessary to allege the value of the hog in the indictment in this case.

Judgment affirmed.