KEETON v. STATE.

Opinion delivered February 8, 1902.

ROBBERY—SUFFICIENCY OF INDICTMENT.—An indictment for robbery which alleges that accused did feloniously and violently take certain property from the person of the prosecuting witness, by putting him in fear and against his will, is sufficient, without alleging that accused "did steal, take and carry away" such property.

Appeal from Newton Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

Affirmed.

STATEMENT BY THE COURT.

The appellant, Ed Keeton, was indicted for robbery at the July term, 1901, of the Newton circuit court, charged to have been committed by feloniously and violently taking $35 from the person of Frank Carleton. The indictment is in the following language:

"The grand jury of Newton county, in the name and by the authority of the state of Arkansas, accuse Ed Keeton of the crime of robbery, committed as follows, to-wit: the said Ed Keeton, in the county and state aforesaid, feloniously and violently, from Frank

Carleton, by putting him, the said Frank Carleton, in fear, did take $30 silver coin, of the value of $30, $5 paper money, of the value of $5, from the person of him, the said Frank Carleton, and against his will, the same being the property of Joe Villines and Frank Carleton, partners under the firm name of Villines & Carleton, against the peace and dignity of the state of Arkansas."

Defendant demurred to the indictment, his demurrer was overruled, and he was put on trial, convicted and sentenced to the penitentiary for four years. The defendant moved the court for a new trial, and assigned as error the overruling of his demurrer to the indictment, the admission of certain evidence, and the court's instructions to the jury. His motion for a new trial was denied, and proper exceptions were saved. Defendant appealed to this court.

*Chew & Fitzhugh,* for appellant.

The indictment is insufficient to charge robbery. 33 Ark. 562; 49 Ark. 147; 2 Bish. Cr. Pro. §§ 698, 1001; Bish. Dir. & F. §§ 932-3; 2 Bish. Cr. Law, 1159; 1 Whart. Cr. Law, 848; Rap. Larc. § 58; Whart. Cr. Pl. & Pr. § 266 *n.*

*George W. Murphy, Attorney General,* for appellee.

HUGHES, J., (after stating the facts.) It is conceded by the appellant that there was no error in the court's instructions, and that the evidence in the case is sufficient to support the verdict. He objects because he says the indictment is insufficient in this, that it does not charge that defendant "did steal, take and carry away." He contends that the language of the indictment does not charge a robbery, but only a trespass.

Robbery is larceny, with the aggravating circumstances of taking by force, and putting in fear, from the person of another, and an indictment for robbery must charge larceny. "Larceny by the common law is the felonious and fraudulent taking and carrying away by any man or woman of the mere personal goods of another." 3 Inst. 107. "The felonious taking and carrying away of the personal goods of another." 4 Bl. Comm. 220. If one take from another personal goods, and carry them away, without the felonious intent, it would not be larceny. But when done feloniously, or with felonious intent, what else can it be but larceny? Under our law a felony is a crime, punishable by death or imprisonment in the penitentiary. Sand. & H. Dig., § 1437. We think the

words, "feloniously did take from the person," etc., as used in the indictment, import stealing *lucri causa* and an asportation with intent to deprive the person in the lawful possession of the property in the goods. It is true that "the formal allegation in an indictment for larceny should be that the defendant did steal, take and drive or carry away the property," as held in *Walker*·v. *State*, 50 Ark. 532. But this is not saying that there can be no good indictment for larceny without these formal words. If the indictment charges in effect the same thing in other apt words, it is the same charge.

In robbery there must be the same felonious intent as in larceny. "Felonious intent is always essential, and an instruction ignoring that element is ground for reversing a conviction." *Commonwealth* v. *White*, 133 Pa. St. 182. In this indictment that element is directly charged to have existed at the time of the commission of the crime.

In the case of *Boles* v. *State*, 58 Ark. 35, the indictment charged that the said Lee Boles and Bone Terry in the said county of Carroll, in the eastern district thereof, in the state of Arkansas, on the 10th day of July, 1892, unlawfully, forcibly, violently, and by putting in fear, did take from the person and possession of one R. A. Martin one United States treasury note of the denomination and value of $5 * * * and the grand jury do accuse the said Lee Boles and Bone Terry of the crime of robbery, against, etc. The judgment in that case was reversed on demurrer to the indictment, on the ground that it did not charge the ownership of the property. There was also a motion in arrest of judgment in the case, and the failure to mention in the indictment the ownership of the property was the only ground in the opinion of the court on which the indictment was held insufficient. It can hardly be supposed that, if there had been other defects in the indictment, the court would have passed them without mention, on demurrer and motion in arrest. The indictment in that case was certainly no better than the indictment in this case. It did not have the word, "steal," or "feloniously take" even, in it, but it was impliedly held sufficient save for the omission of the allegation of the ownership of the property alleged to have been unlawfully, violently and by putting in fear taken from the person, etc.

In our opinion, it would be a technicality tending to defeat the ends of justice to hold this indictment insufficient because the word

"steal" is not used in it, when it does charge that the defendant feloniously and violently, and by putting in fear, did take $30, etc., from the person, etc. We think this was a good charge of robbery.

The judgment is affirmed.