### KIGHTLINGER v. STATE.

### Opinion delivered October 28, 1912.

1. INDICTMENT AND INFORMATION—ALLEGATION OF VALUE.—When value is an element in the punishment of an offense, it must be alleged in the indictment. (Page 174.)

2. SELLING MORTGAGED PROPERTY—ALLEGATION OF VALUE.—An indictment for selling mortgaged property, the punishment of which is determined by the value of the property, must allege the value of the same. (Page 174.)

3. INDICTMENT AND INFORMATION—REQUISITES.—Every indictment must set out all the facts which in law may influence the punishment. (Page 174.)

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; reversed.

*S. A. D. Eaton,* for appellant.

1. An indictment for the offense of disposing of mortgaged cotton which merely alleges that it was cotton "upon which the said Ball Mercantile Company then and there had a lien by virtue of a certain chattel mortgage," without stating facts from which the court could arrive at a legal conclusion that the company had such valid existing lien on such cotton, is bad for want of sufficient description of the offense charged.

Kirby's Dig., § 2227; 11 O. 282; 26 Ark. 323; 68 Ark. 490.

2. An allegation of the value of the cotton sold was material and necessary to a valid indictment. Kirby's Dig., § § 2011, 2013, 2014.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1. The general allegation that a lien existed by virtue of a chattel mortgage was sufficient under our statutes. 68 Ark. 480; 50 Ia. 194.

2. The statute defining the offense (Kirby's Dig., § 2011) says nothing about the value of the security or the value of the property disposed of. They were mere matters of proof, and it became the duty of the jury, under proper instructions as to the law, to convict of a felony or misdemeanor according to the proof as to values. See 43 Ark. 284; 64 Ark. 194; 65 Ark. 80; 43 Ark. 378.

FRAUENTHAL, J. The defendant was indicted for selling certain property upon which a mortgage lien existed. The indictment in apt and comprehensive language charged that the defendant had sold certain property which was therein described, upon which a lien then existed by virtue of a certain chattel mortgage executed by him, and that such sale was made without the consent of the mortgagee; but the indictment did not allege the value of the property which was sold nor the amount of the debt secured by said mortgage. To this indictment the defendant interposed a demurrer, which was overruled; and upon his trial he was convicted of a felony, and his punishment assessed at imprisonment in the penitentiary for a term of six months. The indictment is founded upon section 2011 of Kirby's Digest, which makes it an offense for any person to sell or otherwise dispose of any property upon which certain liens exist, amongst them a lien created by virtue of a mortgage, with intent to defeat the holder thereof in the collection of his debt secured thereby. It is further provided that persons convicted of this offense shall be deemed guilty of a felony where the debt secured by such lien exceeds in amount the sum of $10, and the property so sold or otherwise disposed of exceeds in value the sum of $10; and where the debt secured by such lien does not exceed the

amount of $10, or where the property so sold or other-wise disposed of does not exceed in value the sum of $10, such persons shall be deemed guilty of a misdemeanor. Kirby's Digest, § § 2013, 2014.

Under the provisions of the above statutes, the defendant could be guilty of a felony only where the property disposed of exceeded in value the sum of $10 and the debt secured by the mortgage exceeded in amount the sum of $10. The value of the property disposed of and the amount of the debt secured by the mortgage are therefore, of the very essence of the offense of which defendant was convicted. The offense is a graded crime, and the value of the property and the amount of the debt are elements in the punishment thereof.

When value is an element in the punishment of an offense, it must be alleged in the indictment, and it is immaterial what the crime is. Thus, in cases of larceny, the value of the article stolen must be alleged unless the statute makes the stealing of a particular thing itself a felony. *Houston* v. *State,* 13 Ark. 66; *Ware* v. *State,* 33 Ark. 567; *Walker* v. *State,* 50 Ark. 532; *Sheppard* v. *State,* 42 Ala. 531; *Davis* v. *State,* 40 Ga. 229; Rapalje on Larceny and Kindred Offenses, § 109; 1 Bishop's New Crim. Proc., § § 541, 567; 12 Enc. Pl. & Prac. 996.

Every indictment, for whatever offense, must set out all the facts which in law may influence the punishment for the commission thereof. The principle is thus stated in 2 Bishop's New Crim. Proc., § 48: "If the punishment to be inflicted is greater or less, according to the value of the property, the value must be stated in the indictment, because every indictment for whatever offense must set out every fact which the law makes an element in the punishment thereof." 1 Wharton, Crim. Law, § 1003; Bishop on Stat. Crimes, § 427.

The punishment fixed for the crime of selling mortgaged property is influenced by and dependent upon the value of the property sold and the amount of the debt secured by the mortgage thereon, and these facts must necessarily be set out in the indictment in order to charge an offense under the above statutes.

It follows that the court erred in overruling the demurrer to the above indictment. For this error the judgment is

reversed, and this cause is remanded with directions to sustain the demurrer to said indictment and for further proceedings.