HETTLE *v.* STATE.

Opinion delivered June 21, 1920.

1. INDICTMENT AND INFORMATION—SECOND OFFENSE.—Since under Kirby's Dig., § 1810, the offense of illegal cohabitation is a graded crime, and the fact whether it is a first, second or third offense is an element in the punishment thereof, an indictment which fails to charge a prior conviction will not sustain a conviction as for a second offense.

2. INDICTMENT AND INFORMATION—PERSONS NAMED.—An indictment for illegal cohabitation which properly named the two accused persons in the caption of the indictment, and in the charging part referred to their names as set out in the caption, and in the latter part of the indictment referred to them by name as the persons indicted, *held* sufficient.

3. CRIMINAL LAW—EVIDENCE—FORMER CONVICTION.—In a prosecution for illegal cohabitation, where defendants had been previously convicted for the same offense, the admission of evidence of illegal cohabitation prior to such conviction was erroneous and prejudicial where it was undisputed that since the prior conviction defendants had never slept in the same house.

4. CRIMINAL LAW—EVIDENCE OF LIKE OFFENSES BEFORE FORMER CONVICTION.—In a prosecution for illegal cohabitation where evidence tended to show that defendants committed such offense after their former conviction therefor, evidence of like offenses committed by them before their former conviction was admissible in corroboration, but for such purpose only.

Appeal from Clay Circuit Court; *R. E. L. Johnson,* Judge; reversed.

*J. M. Burrow,* for appellants.

1.   The court erred in overruling the demurrer to the indictment because it failed to charge a second offense. Kirby's Digest, § 1810.

2.   The court erred in refusing instructions 1 and 2, asked by defendants; also in refusing 3 and 4.   Defendants had also once been convicted of the same offense, and his plea of former conviction should have been sustained.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1.   The demurrer was properly overruled.   It is not necessary to the validity of an indictment for illegal cohabitation that it should specify whether the prosecution was the first or second offense.   22 Ark. 323.

2.   The indictment is good when in the caption the name is correct, but incorrect in the formal commencement of the indictment.   35 Ark. 384.

3.   There is no bill of exceptions as it was not filed in time.   80 Ark. 410.

HUMPHREYS, J.   Appellants were indicted in the Clay County Circuit Court, Western District, for the crime of illegal cohabitation, in the following form.
"State of Arkansas
    v.   No. 1223
Alford Hettle and Alphia Hall.
    Western District of Clay County, June term, 1919.

"The grand jury in and for the district, county and State aforesaid, in the name and by the authority of the State of Arkansas, accuse the persons named in the caption hereof as defendants of the crime of illegal cohabitation, committed as follows, towit:

"On the first day of May, 1919, in the district, county and State aforesaid, the persons named in the caption hereof did unlawfully, knowingly and wilfully live and cohabit together as husband and wife, without being married to each other, he the said Alf Hettle, being a male person, and she, said Alphia Hall, being a female person over the age of sixteen years, against the peace and dignity of the State of Arkansas.

"T. W. Davis, Prosecuting Attorney for the
                Second Judicial District.
"Indictment No. 8."

The sufficiency of the indictment was attacked by demurrer upon the following grounds:

1. That the said indictment does not state facts sufficient to constitute an offense.

2. That said indictment does not charge any one in the body of the indictment of having committed an offense.

Over the objection and exception of appellants, the demurrer was overruled, and the cause was submitted to a jury upon the instructions of the court and evidence adduced. The jury returned the following verdicts:

"We, the jury, find the defendant Alphia Hall guilty of first offense and fix her punishment at a fine of $20.

"We, the jury, find the defendant Alford Hettle guilty of second offense and fix his punishment at a fine of $100 and at imprisonment in the county jail for a period of six months."

Judgments were rendered in accordance with the verdicts, from which judgments, an appeal has been duly prosecuted to this court under proper proceedings.

It is insisted that the court erred in overruling the demurrer to the indictment, because it failed to charge a second offense. Under section 1810 of Kirby's Digest, the punishment for illegal cohabitation is graded, according to first, second and third offenses. For the first offense, offenders may be fined in a sum not less than $20 nor more than $100; for a second offense, not less than $100 and imprisonment in the county jail not exceeding twelve months; and for a third offense, or any subsequent offense, by imprisonment in the penitentiary for any time for not less than one nor more than three years. Appellants were tried for a second offense under the indictment, which did not specifically charge a second offense. The contention is made by the State's attorney that the essential elements of each offense are the same and that, therefore, the allegations could be no different from a first, second or third offense. We think the

learned attorney in error in this contention.   Under section 1810 of Kirby's Digest, the offense of illegal cohabitation is a graded crime, and the fact of whether it was a first, second or third offense is an element in the punishment thereof.   This court said in the case of *Kightlinger* v. *State,* 105 Ark. 172, that "every indictment, for whatever offense, must set out all the facts which in law may influence the punishment for the commission thereof." In support of that rule, citation was made to Wharton, Crim. Law, § 1003; Bishop on Stat. Crimes, § 427; 2 Bishop's New Criminal Procedure, § 48, which last citation is as follows: "If the punishment to be inflicted is greater or less, according to the value of the property, the value must be stated in the indictment, because every indictment, for whatever offense, must set out every fact which the law makes an element in the punishment thereof."   The rule is also supported by the following authorities: *Neece* v. *State,* 62 Tex. Crim. 496; *State* v. *Paisley,* 36 Mont. 237; *Shifleet* v. *Com.,* 114 Va. 880. The indictment, under the rules stated, was insufficient to sustain a conviction for a second offense.

The contention is also made by appellants that the indictment is fatally defective because no one was charged in the body of the indictment with having committed the offense.   Appellants are properly named in the caption of the indictment and are charged in the indictment with having committed the offense, by reference to their names set out in the caption, and, in the latter part of the indictment, are specifically named as the parties against whom the indictment is preferred. We think appellants are properly and sufficiently charged in the indictment with having committed a first offense.

Appellants were convicted in a magistrate's court, on the 28th day of April, 1919, of the crime of illegal cohabitation.   The indictment in the instant case was returned on June 12, following, charging them with having committed the same offense on May 1, 1919.   Upon the trial, under the indictment, evidence was admitted.

over the objection and exception of appellants, to the effect that they dwelt together in like manner as husband and wife prior and up to April 28, 1919. The evidence tended to show that, after the former conviction, appellant, Alford Hettle, engaged and occupied a room at nights in a neighbor's home, a mile or more from his dwelling, and came back each day to work on his farm. In fact, the undisputed evidence showed that, after the former conviction, they never slept in the same house. Over the objection and exception of appellants, the court instructed the jury as follows: "Therefore, if you find from the evidence in this case, beyond a reasonable doubt, that the defendants, Alf Hettle and Alphia Hall, he being a male person and she being a female person over the age of sixteen years, did on the first day of May, 1919, or at any time within twelve months next before the 12th day of June, 1919, unlawfully and wilfully live and cohabit as husband and wife, without being married to each other and in the Western District of Clay County, Arkansas, then it will be your duty to convict them."

This was prejudicial error, so confessed by the Attorney General, for, under it, the jury was authorized to convict appellants for the crime of illegal cohabitation committed prior to their former conviction. Had the evidence tended to show that appellants committed the offense of illegal cohabitation after their former conviction, it would have been proper to admit evidence of like offenses occurring before their former conviction in corroboration, but for such purpose only. *Adams* v. *State*, 78 Ark. 16.

For the error in giving the aforesaid instruction and in refusing to give the converse thereof, requested by appellants, the judgment is reversed and the cause remanded for a new trial.