ROBBINS *v.* STATE.

4665
242 S. W. 2d 640

Opinion delivered October 8, 1951.

*Gordon B. Carlton* and *M. M. Martin,* for appellant.

*Ike Murry,* Attorney General, and *George E. Lusk, Jr.,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice.   This is an appeal from a verdict and judgment entered in the circuit court finding appellant guilty of a felony for a third conviction of selling liquor in dry territory (Polk County) under the provisions of Ark. Stats., § 48-803.

On April 18, 1951, the prosecuting attorney filed information against appellant which, omitting formal parts, charged: "The said defendant on the .......... day of November, 1950, in Polk County, Arkansas, did unlawfully and willfully sell to one Jim Evans one-half pint of intoxicating liquor in a prohibited territory, to-wit: Polk County, Arkansas. . . ."

On April 25, 1951, appellant entered a plea of not guilty to the charge and the case proceeded to trial. After qualification of the jury generally and when counsel started to make their peremptory challenges, the trial court announced that the State would be entitled to six and the defendant eight challenges, the numbers allowed in prosecutions for felonies except those punishable by death or life imprisonment. When appellant asked for an explanation of this statement for the benefit of the record, the court stated that such explanation would be made in chambers. Court and counsel then retired to the judge's chambers, but the record is silent as to what transpired there.

After the jury was selected and sworn to try the case and during the course of the opening statement, appellant objected and excepted to remarks of the prosecuting attorney to the effect that the defendant would be tried

for a felony in the event it was shown that he had been twice previously convicted of the unlawful sale of liquor in Polk County. There was no offer by the State at any time to either amend the information or file a new one alleging any prior conviction of appellant, or to otherwise charge him with a felony. Trial proceeded and testimony was adduced by the State, but denied by appellant, tending to prove the sale charged in the information. The State, over appellant's objections and exceptions, also introduced evidence to establish prior convictions of appellant on similar charges in Mena Police Court on October 21, 1950, and in Circuit Court on April 24, 1951, the day before his conviction in the case at bar.

At the conclusion of the testimony the trial court gave State's instruction No. 1, as follows: ''The section of law upon which this charge is based reads as follows, to-wit:

'' 'It shall be unlawful for any person, firm or corporation, to manufacture, sell, barter, loan or give away intoxicating liquor in any county, township, municipality, ward or precinct in which the manufacture or sale of intoxicating liquor is or shall be prohibited under the provisions of this Act (§§ 48-801—48-806). Any person who, or officers of any firm or corporation which, shall manufacture, sell, barter, loan or give away any intoxicating liquor in any territory which has been made dry under the provisions of this Act shall, upon first conviction, be deemed guilty of a misdemeanor and shall be fined not less than $100, nor more than $1,000; for a second conviction, shall be fined not less than $200, nor more than $2,000; and for any subsequent conviction, shall be guilty of a felony and shall be sentenced to not less than one year nor more than five years in the State Penitentiary.'

''So if you find from the testimony in this case beyond a reasonable doubt that the defendant, Jack Robbins, did in Polk County, Arkansas, within one year next prior to the filing of this information, sell, barter, loan or give away intoxicating liquors in said county, township, municipality, ward or precinct, in which the manufacture or sale of intoxicating liquors is, or shall be prohibited

under the provisions of this Act, then you will find the defendant guilty of this charge and fix his punishment at some time in the State Penitentiary of not less than one nor more than five years."

Appellant's specific and primary objections to the giving of this instruction were, (1) that it permitted the jury to find appellant guilty of a felony upon an information insufficient to constitute a felony charge, and (2) that it merely told the jury to find the defendant guilty of a felony if they found that he sold liquor on the occasion charged in the information and without any requirement of a finding on their part as to prior convictions.

The jury found appellant guilty "as charged" and fixed his punishment at one year in the State Penitentiary.

Several interesting questions are argued in the briefs. At the outset, however, we are faced with the proposition that appellant was convicted of a felony with which he was never charged. It is well settled that an accused may not be convicted of a felony where an indictment or information charges only a mis-demeanor. 42 C.J.S., Indictments and Informations, § 300. This principle is embodied in § 262 of the Criminal Code, which now appears as Ark. Stats., § 43-2157, and provides: "When the proof shows the defendant to be guilty of a higher degree of the offense than is charged in the indictment, the jury shall find him guilty of the degree charged in the indictment." Under this section, no judgment could be rendered against appellant for an offense higher than that charged in the information.

That portion of § 48-803, *supra,* which is set out in instruction No. 1 given by the court appears in § 3 of Initiated Act No. 1 of 1942 (Acts 1943, p. 998). We cannot agree with the State's contention that this statute merely increases the punishment upon a second or subsequent conviction and does not create a separate or higher offense. The statute plainly says that a defendant "shall

be guilty of a felony'' upon a third or subsequent conviction.

The State also relies on Ark. Stats., § 43-1006 which provides that it shall not be necessary to allege in an indictment or information that the acts constituting the offense were done willfully, unlawfully, feloniously, etc., but the name of the offense charged shall carry with it all such allegations. We have held that this act was adopted for the purpose of simplifying procedure in criminal cases and eliminating some of the technical defenses through which criminals had theretofore escaped punishment for their crimes, and the statute has been liberally construed to that end. In *Underwood* v. *State,* 205 Ark. 864, 171 S. W. 2d 304, this court construed this statute in connection with § 43-1024 which authorizes the prosecuting attorney to amend an indictment so long as the amendment does not change the nature or degree of the crime charged. There the defendant was charged with burglary and grand larceny in the information as originally filed and the court held that an amendment by the State alleging the value of the property stolen did not have the effect of changing the nature of the crime charged or the degree thereof in view of other allegations of the information as originally filed.

In the case at bar there is no allegation in the information charging appellant with prior convictions or to put him on notice that he was charged with a felony. The information stated facts showing that a misdemeanor only had been committed and was not subject to either demurrer or a motion for bill of particulars as a misdemeanor charge for a first offense. Appellant, therefore, waived no right by failing to demur or file a motion for a bill of particulars.

Although there is some authority to the contrary, the general rule is that the indictment or information must allege the prior convictions in order to warrant a judgment imposing additional punishment under the habitual criminal statutes. 24 C.J.S., Criminal Law, § 1971 (c). The rule as to the sufficiency of allegations generally is stated as follows in 42 C.J.S., Indictments

and Informations, § 145 (b): "The allegations of an indictment or information seeking to charge accused as a second or subsequent offender should bring him clearly within the statute providing an increased penalty for such an offense and should comply with the general rules of pleading in respect of certainty and particularity, but it has been held unnecessary to allege a prior offense with the same particularity as the current offense."

In 25 Am. Jur., Habitual Criminals, § 26, the author says: "In the absence of controlling statutory provisions to the contrary, and despite some authority to the contrary, the general rule is that in order to subject an accused to the enhanced punishment as a second or subsequent offender or as a habitual criminal, it is necessary to allege in the indictment or information the fact of a prior conviction or convictions." In 58 A.L.R. 64, the annotator cites numerous decisions of the courts of thirty-six states which support the general rule. See, also, Anno.: 82 A.L.R. 366 and 116 A.L.R. 229. We applied the rule in *Hettle* v. *State,* 144 Ark. 564, 222 S. W. 1066, and held that an indictment which failed to charge a prior conviction would not sustain a conviction for illegal cohabitation as for a second offense under Ark. Stats., § 41-805.

If the information in the case at bar had charged the prior convictions of appellant only in general terms, then it might have been sufficient under our liberal rules of procedure, at least in the absence of a motion for bill of particulars. But the information here embraces no charge of a prior conviction nor any other allegation calculated to put appellant on notice that he was charged with a felony.

The evidence, although disputed, was sufficient to support a verdict against appellant as for a first conviction under the statute which was the only offense charged in the information. The case stands as if the jury had found appellant guilty as a first offender but failed to assess the punishment provided by law. *Simpson* v. *State,* 56 Ark. 8, 19 S. W. 99; *Eastling* v. *State,*

69 Ark. 189, 62 S. W. 584. The judgment convicting appellant of a felony is accordingly reversed and the judgment affirmed as for a first offense. The cause is remanded to the circuit court with directions to set aside the judgment convicting appellant of a felony, and to impose the punishment as for a first conviction under the statute.