HOGG *v.* DARDEN.

5-3132

374 S. W. 2d 184

Opinion delivered January 13, 1964.

*Bernard Whetstone,* for appellant.

*Shaver, Tackett & Jones,* for appellee.

ED. F. MCFADDIN, Associate Justice. We are here concerned with the *voir dire* examination of the jury panel. Appellants, Mrs. Elizabeth Hogg, and her husband, filed this action against George A. Darden and his son, alleging that in a traffic mishap Mr. and Mrs. Hogg sustained injuries and damages all because of the fault and negligence of the defendants. Upon issues joined the cause was tried to a jury and a verdict rendered for the defendants (appellees here). The appel-

lants seek a new trial because of the rulings of the Tria Court in regard to the *voir dire* examination of the jury panel, and urge two points:

"I. The Court erred in denying plaintiff's counsel's request that the Court refrain from interrogating the panel regarding liability insurance and not permitting counsel to do this himself.

"II. The Court erred in not permitting the requested question regarding defendant's apparent ability to pay."

Prior to the *voir dire* examination, appellants' attorney filed the following written request with the Trial Court:

"NOW COMES Plaintiff and requests of the Court in chambers immediately in advance of trial, that he be permitted to ask each of the members of the jury panel, separately and individually, each of the following questions:

"1. Do you or any member of your immediate family work for, own any stock in, or have any direct or indirect interest whatever in any casualty insurance company?

"2. If you believe from the testimony and the instructions given to you by the Court that plaintiff in this case is entitled to a judgment in a substantial amount and if you also at the same time believe that either or both of the defendants may not be financially able to pay the amounts to which you think plaintiff is entitled, will you be freely willing to go ahead and render judgment in the full amount to which you think plaintiff entitled, without any reduction on account of defendant's apparent inability to pay, and just let us worry about collecting the judgment?

"The Court having previously given indication to plaintiff that the Court feels (a) that plaintiff's counsel is not entitled to interrogate each prospective juror on the jury panel *voir dire* separately and individually and (b) that one or more of the foregoing questions might not

be proper, and plaintiff's counsel preferring to have these matters ruled upon in advance and out of the presence of jury and without colloquy in the presence of jury, now respectfully requests that the Court make his ruling out of the presence of the jury in advance of *voir dire* and it is the further request of plaintiff that these questions not be propounded to the jury by the Court.''

The written request was heard by the Court away from the jury; and the Court ruled as to Request No. 1:

''The Court holds that Request No. 1 is a proper question and can be asked if counsel for the plaintiff thinks he needs to ask it. But the Court reserves the right to use his discretion in whether this question is asked each individual juror of the jury panel, which in this case consists of twenty-four members, and if he propounds this question to twenty-four members, twenty-four different times, the Court certainly reserves the right, in its discretion, to stop the propounding of the question individually to each member of the jury panel, if it appears not to serve any useful purpose in testing the interest on *voir dire* of any member of the jury panel.''

As to Request No. 2, the Court ruled:

''The Court finds that it is not a proper question in the form in which it is asked. The content of that question may be inquired of the jury.''

As to so much of the request, which sought to have the Court agree *not* to ask any questions, the Court ruled:

''As far as the request saying that the Court is.requested not to ask certain questions, the Court overrules that part of the request, and the Court will ask whatever questions the Court feels is proper to ask the jury panel.''

The records reflects that after the Court made the foregoing rulings *outside of the hearing of the jury* the following occurred, *in open Court on voir dire examination of the jury panel:*

"Thereupon the Court and counsel went into open Court and after the jury panel was sworn to answer questions touching on their qualifications as jurors in the above styled case, the Court interrogated said panel as to knowledge of the collision involved, knowledge of the suit about to be tried, acquaintanceship and relationship to parties and their attorneys, whether any member of the jury panel had been a party either as plaintiff or as defendant in a suit growing out of an automobile collision, if any of them were agents, employees, or in any other capacity represented any insurance company or companies writing automobile casualty liability insurance, or if any of them owned any stock in or had any financial interest in any insurance company or companies writing automobile casualty liability insurance, whether any of them knew any reason at all that would keep them from trying this case in accordance with the evidence presented and the instructions of law given to them by the Court, and if each of them would, if selected to serve on the jury, try this case and decide the same solely on the evidence introduced and on instructions of the Court without sympathy for our prejudice against either party . . .

"*The Court then inquired of counsel if either of them had any additional questions to ask the jury and both replied that they did not have any questions to ask of the jury panel.*[1] The Court then told the jury panel to be seated while the Clerk prepared the list of eighteen names. The list of the first eighteen names being prepared by the Clerk, counsel for both parties exercised three peremptory challenges and the twelve remaining members were seated as jurors, sworn, and served as the jury that tried this case."

The failure of appellants' counsel to ask any question of the jury on *voir dire* in open Court—as shown by the italicized portion of the above—is the decisive matter on this appeal. It has long been recognized in this State that "litigants in civil cases, as well as in criminal cases, have the right to examine the jurors separately

---

[1] Emphasis supplied.

in order to determine whether such jurors are subject to challenge for cause, or to elicit information on which to base the right of peremptory challenge, subject of course to the right of the Court to control the extent of such examination, acting in its sound discretion.'' *(Baldwin v. Hunnicutt, 192 Ark. 441, 93 S. W. 2d 131.)* In *Mo. Pac. Transp. Co.* v. *Johnson,* 197 Ark. 1129, 126 S. W. 2d 931, the above quoted language was reaffirmed, with the additional holding that Section 16 of Initiated Act No. 3 (as found in Ark. Stat. Ann. § 39-226 [1962 Repl.]) did not take away such right of the litigant to interrogate the individual juror,[2] subject always to the right of the Trial Court to control ''the extent of the examination of each separate juror.''

The record in the case at bar clearly shows that the Trial Court was thoroughly familiar with the law. As to the questioning of each juror regarding connection with insurance companies, the Court advised the appellants' counsel that the question ''is a proper question and can be asked if counsel for plaintiff thinks he needs to ask it.'' That ruling gave the plaintiffs the right which they had requested; so appellants cannot now say that such right was denied them. The Court properly reserved the power to control the extent of the questioning; and that ruling was in accordance with our cases,

---

[2] In 11 Ark. Law Rev. p. 117 there is an article by Hon. R. A. Leflar entitled: "The Criminal Procedure Reforms of 1936—Twenty Years After"; and, as regards Section 16 of the Initiated Act, the author says on Page 126:

"Selection of Jurors. Prior to adoption of the Initiated Act, interrogation of prospective jurors was almost always left to counsel, who commonly asked the same questions at length of each juror, thereby taking up a vast amount of time. Often the selection of jurors took more time than all the rest of the trial. Some lawyers tried to expedite the process but others, practically uncontrolled by the judge, asked apparently irrelevant as well as relevant questions almost interminably. Section 16 of the act provided that in all cases, both civil and criminal, the judge shall examine prospective jurors upon their statutory qualifications, leaving further questions to be asked, in the judge's discretion, by either the judge or the lawyers in the case. This permits many questions to be asked of the jury panel as a group, rather than individually, but it does not eliminate the right of counsel to have jurors questioned individually upon matters of disqualification which may have a personal basis, nor does it justify an arbitrary refusal by the judge to allow counsel to examine the panel or its members. The practice as it stands now conforms with the American Bar Association recommendations on the topic."

as previously quoted. The point is that when the hearing was resumed in the presence of the jury, appellants' counsel did not see fit to ask any question; so the claimed right was recognized but remained unexercised. The failure to make examination constitutes a waiver. *Charles* v. *State,* 198 Ark. 1154, 133 S. W. 2d 26. See also 5 C.J.S. 1014, "Juries" § 252. We find no error in the ruling of the Trial Court as regards the right of appellants to interrogate the jurors personally.[3]

As regards the second request of appellants, the Court advised the counsel in chambers that the question was not properly framed; but appellants' counsel did not see fit to reframe the question or propound any question like it in the *voir dire* examination; so no right was denied the appellants. Affirmed.

---

[3] We have had occasion in comparatively recent cases to discuss the matter of how to examine the jury panel on *voir dire* as to insurance connections. See *DeLong* v. *Green,* 229 Ark. 100, 313 S. W. 2d 370; and *Malone* v. *Riley,* 230 Ark. 238, 321 S. W. 2d 743.