Herschell Milton FINCH *v.* STATE of Arkansas

CR 77-149                                  556 S.W. 2d 434

Opinion delivered October 17, 1977
(Division II)

*Bowie & Erwin,* by: *Harold S. Erwin,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Herschell Milton Finch was found guilty of battery in the first degree. He presents three points for reversal. In none of them do we find reversible error.

Appellant Finch first claims error in the trial judge's refusal to permit his attorney to examine prospective jurors on voir dire with reference to his being appointed by the court to represent appellant. It is not clear from the record that appellant asked permission to do so, but the record does disclose that before voir dire, the trial judge responded to the statement of one of appellant's attorneys that he intended to mention that they were court appointed, by stating that it was the policy of the trial court not to permit either side to

comment on that fact.

The extent and scope of voir dire examination is largely a matter lying within the sound judicial discretion of the trial judge and the latitude of that discretion is rather wide. Ark. Stat. Ann. § 39-226 (Repl. 1962); *Rogers v. State,* 257 Ark. 144, 515 S.W. 2d 79, cert. den. 421 U.S. 930, 95 S. Ct. 1656, 44 L. Ed. 2d 87; *Hogg v. Darden,* 237 Ark. 478, 374 S.W. 2d 184. His restriction of that examination will not be reversed on appeal, unless that discretion is clearly abused. *Lauderdale v. State,* 233 Ark. 96, 343 S.W. 2d 422; *Curbo v. Harlan,* 253 Ark. 816, 490 S.W. 2d 467; *Baldwin v. Hunnicutt* (on rehearing), 192 Ark. 445, 93 S.W. 2d 133. This rule has not been materially affected by Rule 32.2 (b), Arkansas Rules of Criminal Procedure, which requires the trial judge to permit such questions by the defendant or his attorney as the judge deems reasonable and proper.

Punishment was imposed on appellant under the Habitual Criminal Act. The original information charging him with the basic offense contained no allegation that appellant had been previously convicted of a felony. Whenever the state seeks to charge one as a previous offender or habitual criminal in order to warrant the imposition of ad-. ditional punishment for the offense charged, the previous offense is an essential element in the punishment, which must be alleged in the indictment or information. *Robbins v. State,* 219 Ark. 376, 242 S.W. 2d 640; *Switzer v. Golden,* 224 Ark. 543, 274 S.W. 2d 769; *Hettle v. State,* 144 Ark. 564, 222 S.W. 1066. See also, *Kightlinger v. State,* 105 Ark. 172, 150 S.W. 690. The purpose of this requirement is to afford appellant notice of essential elements upon which the state relies for assessment of punishment and to give him the opportunity to refute such assertions. *Baugh v. State,* 256 Ark. 64, 505 S.W. 2d 519; *Robbins v. State,* supra; *Switzer v. Golden,* supra.

Appellant contends that the trial court erred in allowing the state to amend its information after the trial had started in order to permit the imposition of more severe punishment on him. Proper amendments of informations have been permitted under Ark. Stat. Ann. § 43-1024 (Repl. 1964) after the jury has been sworn but before the case has been submitted

to it, so long as the amendment does not change the nature or degree of the crime charged, if the accused is not surprised. *Washington* v. *State*, 248 Ark. 318, 451 S.W. 2d 449; *Underwood* v. *State*, 205 Ark. 864, 171 S.W. 2d 304; *Johnson* v. *State*, 197 Ark. 1016, 126 S.W. 2d 289; *Ingle* v. *State*, 211 Ark. 39, 198 S. W. 2d 996. See also, *Ridgeway* v. *State*, 251 Ark. 157, 472 S.W. 2d 108.

This amendment did not change either the nature or the degree of the crime. Nor does our habitual criminal act. See *McIlwain* v. *State*, 226 Ark. 818, 294 S.W. 2d 350; *Osborne* v. *State*, 237 Ark. 170, 371 S.W. 2d 518. It simply authorizes a more severe punishment. *Higgins* v. *State*, 235 Ark. 153, 357 S.W. 2d 499. It does not create a distinct additional offense or independent crime but simply affords evidence to increase the punishment and to furnish a guide for the court or jury in fixing the final punishment in event of conviction of the offense charged. See Commentary, Ark. Stat. Ann. § 41-1001, Arkansas Criminal Code; *Hathorne* v. *State*, 459 S.W. 2d 826 (Tex. Cr. App., 1970), cert. den. 402 U.S. 914, 91 S. Ct. 1398, 28 L. Ed. 2d 657; *Morelock* v. *State*, 2 Tenn. Cr. App. 423, 454 S.W. 2d 189; *State* v. *Thompson*, 299 S.W. 2d 468 (Mo., 1957); *Gamron* v. *Jones*, 148 Neb. 645, 28 N.W. 2d 403 (1947); *Ervin* v. *State*, 351 P. 2d 401 (Okla. Crim. App., 1960); *Smith* v. *State*, 227 Ind. 672, 87 N.E. 2d 881 (1949); 5 Wharton's Criminal Law & Procedure (Anderson) 435, § 2218. It is based upon the theory that one who is a persistent offender warrants an increased punishment for the offense of which he is found guilty, for the protection of the community, because he has not been deterred by previous punishment. See 4 Wharton's Criminal Procedure (12th Ed.) 285, § 631.

There was no error in allowing the amendment, but the court erred in denying appellant's motion for continuance after the amendment was made. The first notice given to appellant that he was being charged as a recidivist was given by a copy of a letter to the circuit judge over the signature of the deputy prosecuting attorney. The copy went to appellant's attorney. The letter gave notice to the judge that the state intended to produce evidence of prior felony convictions under Ark. Stat. Ann. § 41-1001. No specification was made of time or place of the convictions or of the crimes in-

volved. The number of convictions was not mentioned. The letter was dated on December 3, 1976. The case had been set for trial, and went to trial, on the following Monday, December 6.

When the court granted the state's motion to amend the information to allege that appellant had been previously convicted of felonies, appellant promptly moved for a continuance. This motion was promptly denied, solely upon the ground that appellant was a pauper who had been in jail since September 1. Still, appellant has not shown how he was prejudiced. The abbreviated record before us, on appellant's designation, does not disclose what evidence of prior convictions was introduced, but we assume that the state showed the same four convictions set out in the state's petition for revocation of the portions of sentences on prior convictions which had been suspended, filed after the jury verdict was returned in this case. Appellant was sentenced to a total of 21 years on those charges upoɪ the court's revocation of the suspensions. All of the suspended sentences, one of which was for 15 years, are to run consecutively. The five year sentence in this case is to run concurrently with the other sentences.

We do not reverse the action of a trial judge in denying a continuance in the absence of a clear showing of abuse of discretion in the matter and in the absence of a showing of prejudice. See *Thacker* v. *State*, 253 Ark. 864, 489 S.W. 2d 500; *Nash* v. *State*, 248 Ark. 323, 451 S.W. 2d 869. On appeal, the state relies only upon appellant's failure to demonstrate prejudice, and properly so. It is readily apparent that appellant's attorney could not be prepared to investigate, much less prepare to challenge the four previous convictions found by the jury, over the weekend, assuming that he received the copy of the letter on the date it bore, particularly when the letter did not specifically identify any conviction. The denial of the motion was clearly an abuse of discretion.

Not only do we not know what objections were offered to the evidence of prior convictions (other than the objection to its being admitted at all), but appellant has not availed himself of any means of showing prejudice.

Appellant was not prevented from giving evidence to show how he was prejudiced by his inability to make the showing when the court denied his motion for continuance or even when the evidence of prior convictions was offered. Even though a motion for new trial is no longer a requisite for appellate review, it is still a permissible procedure. Ark. Stat. Ann. § 43-2704 (Supp. 1971). A trial court may grant a new trial when the defendant's substantial rights have been prejudiced by a verdict, if the court is of the opinion that the defendant has not received a fair and impartial trial. Ark. Stat. Ann. § 43-2203 (Repl. 1964). The circuit court's refusal to grant a continuance would have been a proper ground for such a motion, if it had been made to appear that there was an abuse of discretion or manifest denial of justice. See *Figeroa v. State,* 244 Ark. 457, 425 S.W. 2d 516; *Jones v. State,* 205 Ark. 806, 171 S.W. 2d 298; *French v. State,* 205 Ark. 386, 168 S.W. 2d 829; 58 Am. Jur. 2d 325, New Trial, § 117. On making such a motion, appellant would have been afforded an opportunity to tender evidence to show prejudice, if it was impossible to do so at the time of his motion for continuance. See *Tyson v. State,* 196 Ark. 1179, 120 S.W. 2d 29; *Gross v. State,* 242 Ark. 142, 412 S.W. 2d 279; *Cooper v. State,* 215 Ark. 732, 223 S.W. 2d 507; *Pinson v. State,* 210 Ark. 56, 194 S.W. 2d 190; 58 Am. Jur. 2d 422, New Trial, § 204.

Since appellant failed to avail himself of any opportunity to make a showing of prejudice and to afford the trial judge a chance to review his action denying a continuance in the light of a showing which could not have been made during the trial, we cannot hold that the error was prejudicial.

The judgment is affirmed.

We agree. GEORGE ROSE SMITH, HOLT, ROY and HICKMAN, JJ.