WILLIAMS *v.* STATE.

4572                                               223 S. W. 2d 190

Opinion delivered October 3, 1949.

*Burke & Burke,* for appellant.

*Ike Murry,* Attorney General and *Arnold Adams,* Assistant Attorney General, for appellee.

Robert A. Leflar, J. Nathaniel Williams was convicted of the felony of possessing an illicit still, and he appeals.

(1) The original information filed in this case omitted the name of the defendant from its charging sentence, as follows: " . . . accusing............................................., of the crime of possessing an illicit still committed as follows, to-wit: The said Nathaniel Williams in the County and State aforesaid, on the 12th day of December, 1948, did unlawfully and feloniously keep in his possession a still . . .", etc. After motion to quash because of this omission, the Court allowed the Prosecuting Attorney to amend the information by inserting the name of Nathaniel Williams in the blank therein. This amendment was permissible, and the Judge committed no error in allowing it, inasmuch as there could previously have been no doubt as to who was accused by the information. Under the circumstances the amendment related to form only. See Ark. Stats. (1947) § 43-1024.

Furthermore, after the motion to quash was overruled, the defendant pleaded guilty to the offense charged in the information. "A plea of guilty waives any defect not jurisdictional, and which may be taken advantage of by motion to quash or by plea in abatement." *Hudspeth* v. *State,* 188 Ark. 323, 326, 67 S. W. 2d 191, 192. Accord: *Weir* v. *United States,* 92 Fed. 2d 634, 114 A. L. R. 481.

Finally, the appellant failed to bring forward this exception into his motion to set aside the judgment. For that reason also it is without merit here.

(2) Appellant contends that his offense, as of December 12, 1948, when it was admittedly committed, was a misdemeanor only rather than a felony, and that he was improperly convicted and sentenced for commission of a felony.

Act 200 of 1949, making the possession of an illicit still a felony, was in force at the time of trial, but did not apply to an offense committed in 1948.

Act 206 of 1947 made the possession of an illicit still a misdemeanor only. This Act was vetoed by the Governor, then enacted over the Governor's veto on March 11, 1947, but with an inadequate emergency clause, so that it did not become operative until June 10, 1947, ninety days after the General Assembly adjourned. Ark. Const., Amdt. 7.

Act 391 of 1947 made the possession of an illicit still a felony. This Act included a valid emergency clause, was approved by the Governor on March 28, 1947, and became law on that day, effective at once.

Appellant's contention is that since Act 206 did not become effective until June 10, 1947, it was the later law, and repealed Act 391. This is not correct. Act 206 became a law on March 11, 1947, when it was passed over the Governor's veto, even though its effective operation was postponed ninety days by the Initiative and Referendum Amendment. And Act 391, enacted later, repealed all prior conflicting laws, including Act 206, whether they were then effective or effective only at some future date.

"Statutes do not always take effect upon their enactment but the effective date may be postponed either by virtue of their own provisions, or by the terms of a general law or a constitutional requirement upon the subject. . . . It sometimes happens that the legislature at the same session will enact two laws which are irreconcilable. Where this happens, the one which is the latest expression of the legislative will should prevail; the other will be repealed by implication." Crawford, Statutory Construction (1940) §§ 105, 313.

"As between two acts, it has been held that one passed later and going into effect earlier will prevail over one passed earlier and going into effect later. Thus, an act passed April 16th and in force April 21st was held to prevail over an act passed April 9th and in effect July 4th of the same year." Lewis' Sutherland on Stat-

760

utory Construction (2d Ed., 1904) § 280, citing *Dewey* v. *Des Moines,* 101 Iowa 416, 70 N. W. 605. And see *People* v. *Mattes,* 396 Ill. 348, 71 N. E. 2d 690.

That the legislative intent of the 1947 General Assembly was in accord with our conclusion, favoring Act. 391, is shown by its Calendar, establishing that final action on Act 391 was taken in the legislature itself, and not merely by the Governor, after Act 206 had been passed over the Governor's veto.

Enactment by the 1949 General Assembly of a law (Act 200) repeating the provisions of Act 391 of 1947 proves no more than that there was confusion as to which 1947 enactment was the law, and the 1949 legislature wanted to end the confusion as soon as possible. It has no tendency whatever to establish a 1947 legislative intent that the rejected Act 206 should prevail.

The judgment of the Circuit Court is affirmed.