JOHN CHARLES WILSON v. STATE OF ARKANSAS

5666                                    475 S.W. 2d 543

Opinion delivered January 31, 1972

*John D. Eldridge,* for appellant.

*Ray Thornton,* Attorney General; *James A. Neal,* Asst. Atty Gen., for appellee.

FRANK HOLT, Justice. This appeal results from the trial court's denial of appellant's Rule 1 Petition for Postconviction Relief. For reversal appellant first contends that his 1964 conviction and sentence for forgery and uttering, as an habitual criminal under Ark. Stat. Ann. §§ 43-2328, -2330 (Supp. 1969), "should be reversed because said statutes violate Article II § 9 of the Arkansas Constitution in that it constitutes cruel and unusual punishment in that the sentence imposed is disproportionate to the offense charged so as to shock the moral conscience of the public."

Appellant pleaded guilty to two counts of forgery and two counts of uttering. The trial court assessed the minimum penalty of two years on each count. Pursuant to the habitual-criminal act, the court then added the minimum of one year for each of four previous felony convictions, or a total of four additional years to each sentence. This resulted in appellant receiving six years on each of the four charges, or a cumulative sentence of 24 years. The appellant asserts that the imposition of these sentences for forging and uttering two checks totaling $77.46 is so disproportionate to the crime as to constitute cruel and unusual punishment in violation of his constitutional rights. In *Dolphus* v. *State,* 248 Ark.

799, 454 S. W. 2d 88 (1970) we specifically held that the mere fact our habitual-criminal statute provides for a more severe penalty does not make it cruel or unusual punishment. We also said that the increased penalties provided for in our habitual-criminal statute are not intended as a punishment for previous crimes. To the contrary, the more severe punishment is for the latest offense which is repetitive and, therefore, an aggravated offense. *Oliver* v. *United States of America,* 290 F. 2d 255 (8th Cir. 1961). Also, see *Ridgeway* v. *State,* 251 Ark. 157, 472 S.W. 2d 108 (1971).

In *McDonald* v. *Commonwealth,* 53 N. E. 874, aff'd 180 U. S. 311 (Mass. 1899) it was contended that the 25-year sentence imposed upon a third offender by the terms of an habitual criminal act was so disproportionate to the subsequent offenses of forgery and uttering as to constitute cruel and unusual punishment. There it was aptly said:

> * * * The penalty was determined, no doubt, by the view that in such a case the criminal habit has become so fixed, and the hope of reformation is so slight, that the safety of society requires and justifies a long-continued imprisonment of the offender.

In the case at bar we are of the view that the penalty assessed does not constitute cruel and unusual punishment. Furthermore, we have long recognized that it is the prerogative of the legislature to classify crimes and to prescribe the punishment for violations. *Blake* v. *State,* 244 Ark. 37, 423 S. W. 2d 544 (1968).

Appellant next asserts for reversal "that the information charging appellant does not specifically set forth provisions of the habitual-criminal statutes under which appellant was sentenced and is void as a matter of law." It is true that the information did not specifically designate the four previous convictions of the appellant. However, it contained the following language as a separate paragraph following the alleged offenses: "These charges are filed under the provisions of the Ark. Habit-

ual Criminal Statute." Any defect in this general allegation could have been reached by a motion for a bill of particulars. The information was sufficient to put the appellant on notice that the charges included the habitual-criminal act and any lack of specificity of the allegation was waived by his appearance and voluntary plea. *Williams* v. *State*, 215 Ark. 757, 223 S. W. 2d 190 (1949); *Jackson* v. *State*, 226 Ark. 731, 293 S. W. 2d 699 (1956).

Appellant also argues that the effect of the habitual-criminal statute was not explained to him when he pleaded guilty seven years previously. Nor was he aware of being charged under the habitual-criminal act until he received the court records from the circuit clerk after he filed his present petition in 1970. He testified that he was represented by an attorney (not present counsel who is court appointed) and discussed the charges and his plea of guilty with him; also, that he was admitted to bail. The docket sheet shows that following his plea of guilty his sentence was deferred for almost four months. When questioned by the court as to whether he remembered that the court and the prosecuting official discussed with him on the day of the trial the effect of the habitual-criminal statute, he replied: "Well, I'm not saying the Court didn't say it, I just say I don't remember it." The appellant further testified that previous to his plea of guilty he had served sentences for forgery on four previous occasions; that he was 37 years of age, and had spent 15 years incarceration in penal institutions. Certainly appellant was not unfamiliar with proceedings in the criminal courts. In our view it was established that appellant's guilty plea was entered with a sufficient understanding of its provisions and effect. It must be kept in mind that the trial court imposed the minimum sentence on each alleged offense under the terms of the habitual-criminal act. The appellant could have been sentenced to the maximum of 10 years on each of the four counts, or a total of 40 years, without applying the habitual-criminal act. Ark. Stat. Ann. § 41-1803 (Repl. 1964).

The appellant next contends for reversal "that no warrant was issued for the arrest of the appellant based

on the information of the prosecuting attorney so that arrest of appellant was invalid as a matter of law." Since appellant's plea of guilty occurred seven years previously, no court records were available except the docket sheet and the information alleging the offenses. The appellant testified that no warrant was served upon him. This is immaterial inasmuch as the appellant admittedly appeared before the court and voluntarily pleaded guilty to the alleged offenses. His plea of guilty waived the asserted defect. It is well established that: "A plea of guilty waives any defect not jurisdictional, and which may be taken advantage of by motion to quash or by plea in abatement." *Williams* v. *State, supra,* and *Estes* v. *State,* 246 Ark. 1145, 442 S. W. 2d 221 (1969). See, also, 22 C. J. S. Criminal Law § 316.

After a full review of the record in this Rule 1 evidentiary proceeding, we are of the view there was no violation of appellant's constitutional rights.

Affirmed.