2010 Ark. 452

**Deon Markregus NEELY, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–300.**

Supreme Court of Arkansas.

Nov. 18, 2010.

Rehearing Denied Jan. 6, 2011.

Thomas Kendrick, William Robert Simpson, Jr., Clint Eugene Miller, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Kent G. Holt, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice.

Appellant was convicted of first-degree murder and sentenced to sixty years' imprisonment, plus fifteen years' imprisonment pursuant to a firearm enhancement, to run consecutively. Appellant now appeals his sentencing enhancement, arguing that the firearm-enhancement statute, codified at Ark.Code Ann. § 16–90–120 (Supp.2009), has been repealed by implication. Because this case involves an issue of statutory interpretation, this court has jurisdiction pursuant to Ark. Sup. Ct. R. 1–2(b)(6). We affirm.

Because appellant is not challenging the sufficiency of the evidence supporting his conviction, only a brief recitation of facts is necessary. In a felony information filed May 5, 2009, appellant was charged with first-degree murder in the death of Timothy Williams.[1] The information also charged appellant as a habitual offender and asserted that his sentence should be enhanced pursuant to Ark.Code Ann. § 16–90–120, as he had employed a firearm while committing the charged offense. Section 16–90–120 provides, in pertinent part:

(a) Any person convicted of any offense which is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen (15) years.

(b) The period of confinement, if any, imposed pursuant to this section shall be in addition to any fine or penalty provided by law as punishment for the felony itself. Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for conviction of the felony itself.

Ark.Code Ann. § 16–90–120(a), (b) (Supp. 2009). A jury trial was held on November 12–13, 2009. On the second day of trial, prior to the commencement of testimony, a bench conference was held to discuss jury instructions. During this discussion, appellant objected to the use of the instruction on the firearm enhancement under § 16–90–120, arguing that the statute had been repealed by the adoption of the Model Penal Code. Appellant's objection was overruled, and the jury was instructed according to AMI Crim. 2d 8201, which incorporates the provisions of the statute. The jury found appellant guilty of first-degree murder and recommended a sentence of sixty years' imprisonment. The jury also found that appellant had employed a firearm as a means of committing first-degree murder and recommended a sentence enhancement of fifteen years' imprisonment. The court adopted the jury's recommendation and sentenced appellant accordingly, and a judgment and commitment order was entered on November 24, 2009. Appellant filed a timely notice of appeal on December 21, 2009.

On appeal, appellant argues that his sentence enhancement was illegal because it

---

1. Appellant was also charged with possession of a firearm by certain persons and criminal attempt to furnish prohibited articles, but these charges were later nolle prossed and are not at issue on appeal.

was imposed pursuant to § 16–90–120, which was repealed by implication when the Arkansas Criminal Code became effective on January 1, 1976. More specifically, appellant asserts that § 16–90–120(a) and (b) were formerly codified at Ark. Stat. Ann. §§ 43–2336 and 43–2337, and the new Arkansas Criminal Code also contained a firearm enhancement provision codified at Ark. Stat. Ann. § 41–1004 (later codified at Ark.Code Ann. § 5–4–505). Section 43–2336 provided for an additional period of confinement, up to fifteen years, for employing a firearm while committing a felony, and § 43–2337 provided that the additional confinement would run consecutively to whatever fine or penalty was provided by law for the felony itself. Section 41–1004 mandated that if a defendant was convicted of a felony and was found to have employed a firearm in the course or furtherance of the felony, the maximum permissible sentence otherwise authorized shall be extended by fifteen years. Appellant argues that §§ 43–2336 and 43–2337 were in irreconcilable conflict with § 41–1004 on January 1, 1976, the date the criminal code was enacted, and that the General Assembly did not intend for §§ 43–2336 and 43–2337 to remain in effect after January 1, 1976. Alternatively, appellant also argues that § 41–1004 replaced §§ 43–2336 and 43–2337, so those sections no longer remained viable.

■ It is well settled that statutes relating to the same subject should be read in a harmonious manner if possible. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002). All legislative acts relating to the same subject are said to be *in pari materia* and must be construed together and made to stand if they are capable of being reconciled. *Id.* Repeals by implication are not only strongly disfavored by the law, but a statute will be impliedly repealed in Arkansas only when two enactments cannot stand together. *Cox v. State*, 365 Ark. 358, 229 S.W.3d 883 (2006). Repeal by implication is only recognized in two situations: (1) where the statutes are in irreconcilable conflict, and (2) where the legislature takes up the whole subject anew, covering the entire subject matter of the earlier statute and adding provisions clearly showing that it was intended as a substitute for the former provision. *Thomas, supra.* We will not find a repeal by implication if there is any way to interpret the statutes harmoniously. *Cox, supra.* In addition, a circuit court's ruling on whether to submit a jury instruction will not be reversed absent an abuse of discretion. *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003).

■ This court addressed an argument similar to the present argument in *Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005). In *Williams*, the defendant argued that a five-year sentence imposed on him under § 16–90–120(a) was forbidden by § 5–4–104(a). Williams argued that, because his commission of aggravated robbery occurred after the passage of the Arkansas Criminal Code in 1975, his sentencing should be governed only by that code, and that § 16–90–120(a) was not included in the criminal code and could not be applied. This court stated:

> The crux of Williams's argument is that there is a conflict between § 5–4–104(a) and § 16–90–120(a–b). In this case, these two statutory provisions can be read in a harmonious manner. Section 5–4–104(a) can be viewed as referring only to the initial sentence imposed based on the crime for which the defendant was convicted, and § 16–90–120(a–b) can be read as referring only to a sentence enhancement that may be added to the initial sentence.
>
> Looking at the clear language of § 16–90–120(a–b), we observe that the

legislature intended the statute to serve as an enhancement of the original sentence for the convicted crime, as the statute itself says that the sentence enhancement is an *"additional* period of confinement." Ark.Code Ann. § 16–90–120(a) (emphasis added). We further note that when § 5–4–104(a) was enacted in 1975, the legislature did not choose to repeal or overrule § 16–90–120(a–b). This is important, since in *Johnson v. State, supra,* we have noted that when presented with the challenge of construing criminal statutes that were enacted at different times, the court presumes "that when the general assembly passed the later act, it was well aware of the prior act." 331 Ark. [421] at 425, 961 S.W.2d [764] at 766 [ (1998) ] (holding that the Arkansas Criminal Code and the gambling-house statute can be read in harmony where one defines the term of imprisonment and the other allows the court to impose suspension or probation).

We hold that § 5–4–104(a) and § 16–90–120(a–b) can be read harmoniously to mean that § 16–90–120(a–b) is only a sentence enhancement, while the Arkansas Criminal Code provides the minimum sentences to be imposed for each specific offense.

*Williams,* 364 Ark. at 208–09, 217 S.W.3d at 820.

We find that the same reasoning can be applied to the case at bar. Section 5–4–505 provided that the maximum possible sentence otherwise authorized for a felony would be extended by fifteen years if the person so convicted employed a firearm in the course of or in furtherance of the felony. Section 16–90–120 provided an additional term of confinement, up to fifteen years, in addition to the punishment provided for the felony itself, if the person convicted of a felony employed a firearm as a means of committing or escaping from the felony. So, as reasoned above in *Williams,* § 5–4–505 and § 16–90–120 can be read harmoniously to mean that § 16–90–120 is only a sentence enhancement, apart from the punishment for the felony itself, while § 5–4–505 provides an increase in the maximum sentence to be imposed for a felonious offense. Therefore, the statutes were not in irreconcilable conflict, nor is there any clear provision from the legislature showing that § 5–4–505 was intended as a substitute for § 16–90–120. While these two statutes may have been somewhat redundant, and an application of both at the same time may have been considered error, that is not what is at issue on appeal in this case. Section 5–4–505 was repealed in 1994, and in *Williams,* we acknowledged that repeal and noted that it left § 16–90–120(a) & (b) intact. *See Williams,* 364 Ark. at 210, n. 2, 217 S.W.3d at 821 n. 2; *see also Watson v. State,* 71 Ark.App. 52, 26 S.W.3d 588 (2000) (finding that § 5–4–103 and § 16–90–120 were not in conflict and that § 5–4–103 did not repeal § 16–90–120).

We also note that the dissent in *Williams* discussed this issue and called upon the General Assembly to address whether § 16–90–120 was repealed. In the five years since, the General Assembly has not done so explicitly, but the legislature did amend § 16–90–120 in 2007 by adding a subsection dealing with parole eligibility. Because one of the rules of statutory construction involves a presumption that the legislature is fully aware of prior legislation and case law under preexisting law, *State v. L.P.,* 369 Ark. 21, 250 S.W.3d 248 (2007), it seems that if the General Assembly agreed that § 16–90–120 had been repealed, it would not have bothered to validate its continued existence by amending it. We therefore find

that § 16–90–120 was not repealed by implication, and thus it was not error for the circuit court to instruct the jury according to that statute.

Affirmed.

HANNAH, C.J., and CORBIN and DANIELSON, JJ., dissent.

HANNAH, Chief Justice, dissenting.

I respectfully dissent. Contrary to the majority opinion, neither the inaction by the General Assembly after this court's decision in *Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005), nor the attempted amendment of section 16–90–120 in Act of Apr. 2, 2007, No. 1047, 2007 Ark. Acts 5462, breathed life into section 16–90–120. It was and remains a repealed statute. Further, under the facts of this case, whether, as the majority states, the General Assembly believes section 16–90–120 remains "intact," is wholly irrelevant to the question of whether section 16–90–120 is valid law. The question is not whether the General Assembly "agreed" that section 16–90–120 was not repealed; rather, the question is whether it was repealed. It was repealed.

Neely's repeal argument is well taken. As he notes, section 3201 of Act 280 provided that "[a]ll laws and parts of laws in conflict with this Code are hereby repealed." Act of Mar. 3, 1975, § 3201, 1975 Ark. Acts 560, 698. Arkansas Statutes Annotated sections 43–2336 (Repl. & Supp. 1973) and 43–2337 (Repl. & Supp.1973) (which became Arkansas Code Annotated section 16–90–120 (1987)) provided an additional sentence of up to fifteen years for use of a firearm in commission of a felony, and section 1004 of Act 280 provided for a "sentence to imprisonment for felony; extended term for use of firearm" which,

similar to the prior law, added a sentence of up to fifteen years. § 1004, 1975 Ark. Acts at 571–72. Thus, section 1004 fully occupied the area of law previously occupied by sections 43–2336 and 43–2337 (later codified at Ark.Code Ann. § 16–90–120 (1987)). And, under section 3201, sections 43–2336 and 43–2337 were repealed and replaced by section 1004, which was codified as Arkansas Statutes Annotated section 41–1004 (Repl.1977) (later codified at Ark.Code Ann. § 5–4–505 (1987)).[1] The commentary to section 41–1004 (later section 5–4–505) published at the adoption of Act 280 confirms that sections 43–2336 and 43–2337 were repealed. It states that section 41–1004 is "based on earlier authority found at Ark. Stat. Ann. § 43–2336 (Supp. 1973)," and that under this "old law," there was a "separate consecutive sentence of up to fifteen years for the use of a firearm. See prior law formerly found at Ark. Stat. Ann. § 43–2337 (Supp.1973)." Ark. Stat. Ann. § 41–1004 (Repl.1977). There is no question that sections 43–2336 and 43–2337 were repealed. Inclusion of these sections in the new compilation of the Arkansas Code in 1987 as section 16–90–120 was error. As the Arkansas Code indicates, any statute repealed or superseded by the Code continues to be repealed or superseded unless reenacted. Ark.Code Ann. § 1–2–107 (Repl.2008). Sections 43–2336 and 43–2337 were never reenacted and are not in force today as section 16–90–120. Section 16–90–120 is a nullity.

If the General Assembly erred by repealing section 5–4–505 under the misapprehension that section 16–90–120 was valid, enforceable law, it was put on notice of that possible error by the dissent in *Williams*; yet, it has failed to reenact section 16–90–120 or section 5–4–505 as part of the Arkansas Criminal Code. As is

---

1. As the majority notes, Arkansas Code Annotated section 5–4–505 was repealed by Act of March 16, 1993, No. 532, § 9, 1993 Ark. Acts 1471, 1492.

apparent from the General Assembly's repeal of section 5–4–505, and the subsequent attempt to amend the repealed section 16–90–120, the General Assembly continues to believe that section 16–90–120 is good law. The General Assembly's intent is clear—that there be a separate, additional sentence for use of a firearm in the commission of a felony; however, that intent cannot be acted upon by this court because there is no statute for this court to interpret and enforce judicial function with regard to that intent. It is clear error to hold as the majority did in *Williams* and as the majority does in the present case.

Section 16–90–120 is also unenforceable because it imposes a sentence in violation of Arkansas Code Annotated section 5–4–104(a) (Supp.2009), which expressly prohibits sentencing "otherwise than in accordance with this chapter." Section 16–90–120 is not in chapter five; therefore, a sentence may not be imposed under section 16–90–120. However, the majority, relying on errant analysis in *Williams,* concludes that the sentence imposed under section 16–90–120 is not a sentence at all; rather, it is only an enhancement. The analysis, first undertaken in *Williams,* that imposition of a sentence of a term of years under section 16–90–120 is only an enhancement of the initial sentence imposed under chapter five, and, therefore, not a sentence controlled by chapter five at all, is simply not credible. Any commitment to a term of years in prison is a sentence that must be imposed in accordance with chapter five, and to hold that commitment of a person to a term of years in prison is not really a sentence, but instead only an enhancement, is an ultra technical distinction that I do not understand. The "sentence imposed" in the judgment and commitment order was 720

months. If the portion of the sentence imposed under section 16–90–120 is not a sentence under chapter five, then it must be something else, but what? Neely will spend sixty years in prison on the first-degree murder conviction and fifteen years on the conviction for use of a firearm. He will be in prison on both convictions. The majority opinion is based on a distinction that does not exist. A sentence is a sentence.

The law prior to enactment of the Arkansas Criminal Code by Act 280 makes clear that section 16–90–120 imposes a sentence. Sections 43–2336 and 43–2337 were found in Chapter 23 under "Judgment and Sentence."[2] Obviously, section 43–2336 imposed a sentence then, and section 16–90–120 imposes a sentence now. Further, section 43–2336 provided an "additional period of confinement" of fifteen years for employment of a firearm in the commission of a felony, Ark. Stat. Ann. § 43–2336 (Repl. & Supp.1973), and section 43–2337 provided that any "additional confinement" imposed was in addition to any other penalty and would run consecutive to any other penalty imposed. Ark. Stat. Ann. § 43–2337 (Repl. & Supp.1973). We are expected to believe that a period of additional confinement is not a sentence at all. A sentence is defined as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer—a sentence of 20 years in prison—." *Black's Law Dictionary* 1485 (9th ed. 2009). Section 16–90–120 imposes punishment on a criminal wrongdoer for use of a firearm in commission of a felony; therefore, it imposes a sentence.

The majority countenances imposing an illegal sentence on Neely, under a statute that does not exist, and through imposi-

---

**2.** Arkansas Statutes Annotated sections 43–2336 and 43–2337, combined when Arkansas

Code of 1987 Annotated was enacted, became section 16–90–120.

tion of a sentence in violation of section 5–4–104(a). The General Assembly has been put on notice that section 16–90–120 is questionable law at best, yet it has not acted. This court should not legislate by creating a statute where none exists. Therefore, I dissent.

CORBIN and DANIELSON, JJ., join.