2011 Ark. 104

**Zvontric Lamar SESLEY, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. CR 10–922.

Supreme Court of Arkansas.

March 10, 2011.

Brandy Turner, Deputy Public Defender, by: Clint Miller, Deputy Public Defender, for appellant.

Dustin McDaniel, Att'y Gen., by Christian Harric, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice.

Appellant Zvontric Lamar Sesley asks this court to reconsider and overrule a previous decision, *Neely v. State*, 2010 Ark. 452, 370 S.W.3d 820, in which we held that Ark.Code Ann. § 16–90–120 (Supp.2009), was not repealed by implication when the new Arkansas Criminal Code took effect

on January 1, 1976. When appellant filed his brief in the present case on December 20, 2009, *Neely* had been decided by this court but a petition for rehearing was pending.[1] Appellant asks this court to reconsider its previous position now that two members of the *Neely* majority have been replaced. We decline to reverse our recent precedent and affirm appellant's conviction.

Appellant does not challenge the sufficiency of the evidence supporting his conviction, therefore only a brief recitation of the facts pertinent to the issue on appeal is necessary. On |₂December 22, 2009, the State charged appellant by felony information with seven felony counts, including three counts of aggravated robbery, three counts of theft of property, and one count of committing a terroristic act. The State alleged that because appellant committed the felonies while employing a firearm, his sentence should be enhanced pursuant to Ark.Code Ann. § 16–90–120.

On May 12, 2010, appellant was convicted by a Pulaski County jury of all seven counts. The jury found that appellant had employed a firearm during the commission of each of the seven felonies. After the guilt phase of the trial but prior to the sentencing phase, appellant filed a Motion to Dismiss the Ark.Code Ann. § 16–90–120 Sentencing Enhancement, arguing that the statute had been repealed. The circuit court entertained argument from both appellant and the State with regard to the motion, treating the motion as a timely objection to being sentenced under the enhancement.[2] The court denied the motion to dismiss and found that the statute had not been repealed.

Upon recommendation of the jury, the circuit court sentenced appellant to seventeen years on each of the three aggravated-robbery counts, each with an additional five-year enhancement for employing a firearm; five years on each of the three theft-of-property counts, each with an additional five-year enhancement for employing a firearm; and five years on the terroristic-act count, also with an additional five-year enhancement for employing a |₃firearm. The court ran the sentences for all charges concurrent, and it ran the enhancements concurrent with each other but consecutive to the felony-charge sentences. Appellant was sentenced to a total of twenty-two years' imprisonment. The judgment and commitment order was entered on May 26, 2010, and appellant filed his notice of appeal from that order on June 16, 2010.

 It is well settled that statutes relating to the same subject should be read in a harmonious manner if possible. *Thomas v. State,* 349 Ark. 447, 79 S.W.3d 347 (2002). All legislative acts relating to the same subject are said to be *in pari materia* and must be construed together and made to stand if they are capable of being reconciled. *Id.* Repeals by implication are strongly disfavored by the law, and a statute will only be impliedly repealed in Arkansas when two enactments cannot stand together. *Cox v. State,* 365 Ark. 358, 229 S.W.3d 883 (2006). Repeal by implication is only recognized in two situations: (1) where the statutes are in irreconcilable conflict, and (2) where the legislature takes up the whole subject anew, covering the entire subject matter of the earlier statute and adding provisions

---

1. Rehearing was denied in *Neely* on January 6, 2011.

2. Whether a timely objection to the firearm-enhancement statute was made below is in-

consequential in this case because appellant may argue that his sentence was illegal for the first time on appeal. *See Cross v. State,* 2009 Ark. 597, 357 S.W.3d 895.

clearly showing that it was intended as a substitute for the former provision. *Thomas, supra.* We will not find a repeal by implication if there is a way to interpret the statutes harmoniously. *Cox, supra.*

■ Appellant's sole point on appeal before this court is whether his additional five-year enhancement for employing a firearm during the commission of his felonies was an illegal sentence because it was imposed pursuant to Ark.Code Ann. § 16–90–120, which appellant maintains has been repealed by implication when the new Arkansas Criminal Code became ⏊₄effective on January 1, 1976. More particularly, appellant asserts that § 16–90–120 (previously codified at Ark. Stat. Ann. §§ 43–2336 and 43–2337) and Ark. Stat. Ann. § 41–1004 (later codified at Ark.Code Ann. § 5–4–505) both contained a firearm-enhancement provision resulting in an irreconcilable conflict. Section 43–2336 provided for an additional period of confinement, up to fifteen years, for employing a firearm while committing a felony, and section 43–2337 provided that the additional confinement would run consecutively to whatever fine or penalty was provided by law for the felony itself. Section 41–1004, as part of the newly revised Arkansas Criminal Code, mandated that if a defendant was convicted of a felony and was found to have employed a firearm in the course or furtherance of the felony, the maximum permissible sentence otherwise authorized shall be extended by fifteen years. Appellant argues that §§ 43–2336 and 43–2337 were in irreconcilable conflict with § 41–1004 on January 1, 1976, the date the criminal code was enacted, and that the General Assembly did not intend for §§ 43–2336 and 43–2337 to remain in effect after January 1, 1976. Alternatively, appellant also argues that § 41–1004 replaced §§ 43–2336 and 43–2337, so those sections no longer remained viable.

Appellant acknowledges that this court recently rejected this same argument—that § 16–90–120 was repealed by implication when the new criminal code took effect—in *Neely v. State,* 2010 Ark. 452, 370 S.W.3d 820. He maintains that this court should reverse its *Neely* decision because our determination in *Neely* that §§ 43–2336 and 43–2337 could be read in harmony with § 41–1004 was error. Appellant claims that the "deadly weapon" exception to ⏊₅§ 41–1004(1), as explained in the Commentary to that section, illustrates the error where it states that

> the fact that a number of Code offenses are graded more severely when a deadly weapon is involved. It is obviously unfair to convict a person of a more serious felony because he used a deadly weapon and then further increase the penalty for the felony because the deadly weapon was a firearm.

Ark. Stat. Ann. § 41–1004 cmt. (Repl.1977) (later codified at Ark.Code Ann. § 5–4–505), *repealed by* Acts of March 16, 1993, Nos. 533 & 550, 1993 Ark. Acts 1471, 1603. Appellant asserts that allowing §§ 43–2336 and 43–2337 to stand after January 1, 1976, frustrates the new criminal code's goal of eliminating overlapping criminal statutes. Moreover, appellant contends that our *Neely* opinion fails to analyze the General Assembly's intent in enacting the Arkansas Criminal Code to deduce whether it intended §§ 43–2336 and 43–2337 to be repealed and replaced by § 41–1004.

The firearm-enhancement statutory provision found in § 16–90–120 states, in pertinent part:

> (a) Any person convicted of any offense which is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period

of confinement in the state penitentiary for a period not to exceed fifteen (15) years.

(b) The period of confinement, if any, imposed pursuant to this section shall be in addition to any fine or penalty provided by law as punishment for the felony itself. Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for conviction of the felony itself.

Ark.Code Ann. § 16–90–120(a)–(b) (Supp. 2009). Appellant maintains that § 16–90–120 was repealed by implication when the new criminal code took effect in 1976 and that § 16–90–120 was replaced by a new firearm-enhancement statute, codified at Ark.Code Ann. § 5–4–505, which stated:

(a) If a defendant is convicted of a felony and the trial court finds that the person so convicted employed a firearm in the course of or in furtherance of the felony, or in immediate flight therefrom, the maximum permissible sentence otherwise authorized by § 5–4–401 or § 5–4–501 shall be extended by fifteen (15) years.

(b) Subsection (a) of this section shall not apply to a defendant convicted of a felony, an element of which is:

(1) Employing or using, or threatening or attempting to employ or use, a deadly weapon; or

(2) Being armed with a deadly weapon; or

(3) Possessing a deadly weapon; or

(4) Furnishing a deadly weapon; or

(5) Carrying a deadly weapon.

Ark.Code Ann. § 5–4–505 (Repl.1993).

This court fully analyzed the issues presented by appellant in our earlier *Neely* opinion, which relies heavily on this court's decision in *Williams v. State,* 364 Ark. 203, 217 S.W.3d 817 (2005). In *Neely,* we explained our holding as follows:

This court addressed an argument similar to the present argument in *Williams v. State,* 364 Ark. 203, 217 S.W.3d 817 (2005). In *Williams,* the defendant argued that a five-year sentence imposed on him under § 16–90–120(a) was forbidden by § 5–4–104(a). Williams argued that because his commission of aggravated robbery occurred after the passage of the Arkansas Criminal Code in 1975, his sentencing should be governed only by that Code, and that § 16–90–120(a) was not included in the criminal code and could not be applied. This court stated:

The crux of Williams's argument is that there is a conflict between § 5–4–104(a) and § 16–90–120(a–b). In this case, these two statutory provisions can be read in a harmonious manner. Section 5–4–104(a) can be viewed as referring only to the initial sentence imposed based on the crime for which the defendant was convicted, and § 16–90–120(a–b) can be read as referring only to a sentence enhancement that may be added to the initial sentence.

Looking at the clear language of § 16–90–120(a–b), we observe that the legislature intended the statute to serve as an enhancement of the original sentence for the convicted crime, as the statute itself says that the sentence enhancement is an "*additional period of confinement.*" Ark.Code Ann. § 16–90–120(a) (emphasis added). We further note that when § 5–4–104(a) was enacted in 1975, the legislature did not choose to repeal or overrule § 16–90–120(a–b). This is important, since in *Johnson v. State,* [331 Ark. 421, 961 S.W.2d 764 (1998) ], we have noted that when presented

with the challenge of construing criminal statutes that were enacted at different times, the court presumes "that when the general assembly passed the later act, it was well aware of the prior act." 331 Ark. at 425, 961 S.W.2d at 766 (holding that the Arkansas Criminal Code and the gambling-house statute can be read in harmony where one defines the term of imprisonment and the other allows the court to impose suspension or probation).

We hold that § 5–4–104(a) and § 16–90–120(a–b) can be read harmoniously to mean that § 16–90–120(a–b) is only a sentence enhancement, while the Arkansas Criminal Code provides the minimum sentences to be imposed for each specific offense.

*Williams*, 364 Ark. at 208–09, 217 S.W.3d at 820.

We find that the same reasoning can be applied to the case at bar. Section 5–4–505 provided that the maximum possible sentence otherwise authorized for a felony would be extended by fifteen years if the person so convicted employed a firearm in the course or furtherance of the felony. Section 16–90–120 provided an additional term of confinement, up to fifteen years, in addition to the punishment provided for the felony itself, if the person convicted of a felony employed a firearm as a means of committing or escaping from the felony. So, as reasoned above in *Williams*, § 5–4–505 and § 16–90–120 can be read harmoniously to mean that § 16–90–120 is only a sentence enhancement, apart from the punishment for the felony itself, while § 5–4–505 provides an increase in the maximum sentence to be imposed for a felonious offense. Therefore, the statutes were not in irreconcilable conflict, nor is there any clear provision from the legislature showing that § 5–4–505 was intended ⌊8 as a substitute for § 16–90–120. While these two statutes may have been somewhat redundant, and an application of both at the same time may have been considered error, that is not what is at issue on appeal in this case. Section 5–4–505 was repealed in 199[3], and in *Williams*, we acknowledged that repeal and noted that it left § 16–90–120(a) & (b) intact. *See Williams*, 364 Ark. at 210, n. 2, 217 S.W.3d at 821; *see also Watson v. State*, 71 Ark.App. 52, 26 S.W.3d 588 (2000) (finding that § 5–4–103 and § 16–90–120 were not in conflict and that § 5–4–103 did not repeal § 16–90–120).

We also note that the dissent in Williams discussed this issue and called upon the General Assembly to address whether § 16–90–120 was repealed. In the five years since, the General Assembly has not done so explicitly, but the legislature did amend § 16–90–120 in 2007 by adding a subsection dealing with parole eligibility. Because one of the rules of statutory construction involves a presumption that the legislature is fully aware of prior legislation and case law under preexisting law, *State v. L.P.*, 369 Ark. 21, 250 S.W.3d 248 (2007), it seems that if the General Assembly agreed that § 16–90–120 had been repealed, it would not have bothered to validate its continued existence by amending it. We therefore find that § 16–90–120 was not repealed by implication, and thus it was not error for the circuit court to instruct the jury according to that statute.

*Neely*, 2010 Ark. 452, at 4–6, 370 S.W.3d 820, 822–24.

All of the arguments presented by appellant on appeal have been addressed by this court in either *Neely* or *Williams*, and we have clearly rejected those arguments. Specifically, we have held that the statutes

can be read in harmony, that § 41–1004 did not replace §§ 43–2336 and 43–2337, that the General Assembly did not intend for the passage of the new criminal code to repeal the firearm-enhancement statute, and that allowing § 16–90–120 to remain viable does not result in the stacking of a general statute imposing a sentence for an offense in which a firearm may be used to commit the crime (such as aggravated robbery) onto the specific sentence enhancement for use of a firearm in the commission of a crime (the firearm-enhancement statute). As to whether the viability of § 16–90–120 would create an impermissible stacking with § 5–4–505—because they are both focused on imposing additional time to a defendant's sentence for the use of a firearm during the commission of a crime—we stated in *Neely* that due to the repeal of § 5–4–505, that issue was not before us. Furthermore, we noted in *Neely* that the General Assembly had amended § 16–90–120 in 2007, which would be inconsistent with a conclusion that it had repealed that statutory provision by implication.

The law with regard to whether § 16–90–120 has been repealed by implication is well established, and appellant has provided no argument in his brief to convince this court that it should reverse that precedent. Therefore, we affirm appellant's conviction.

Affirmed.

HANNAH, C.J., and CORBIN and DANIELSON, JJ., dissent.

JIM HANNAH, Chief Justice, dissenting.

I respectfully dissent for the same reasons I set out in my dissents to *Neely v. State*, 2010 Ark. 452, 370 S.W.3d 820 and *Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005). Arkansas Code Annotated section 16–90–120 (Supp.2009) was repealed. The General Assembly has not reenacted section 16–90–120. It is not possible to read a repealed statute to be harmonious with an existing statute. Again, the majority sanctions and approves of the imposition of a sentence in violation of the law.

CORBIN and DANIELSON, JJ., join.