2011 Ark. App. 283

Chariell Ali GLAZE, Appellant

v.

STATE of Arkansas, Appellee.

No. CA CR 10–1091.

Court of Appeals of Arkansas.

April 20, 2011.

Rehearing Denied May 25, 2011.

Caroline Lowry Winningham, Conway, for appellant.

John T. Adams, Little Rock, for appellee.

LARRY D. VAUGHT, Chief Judge.

Chariell Glaze was convicted by a Faulkner County of possession of a firearm by a felon, a Class B felony. He was sentenced as a habitual criminal to twenty-five years' imprisonment. On appeal, Glaze argues that his conviction and sentence are illegal because (1) the amended felony information that sought an enhanced sentence based on his prior multiple convictions did not list the number and nature of those prior convictions, and (2) the State was permitted to amend the felony information on the morning of trial. We affirm Glaze's conviction but remand for resentencing.

Glaze does not challenge the sufficiency of the evidence; therefore, only a brief recitation of facts is necessary. On March 27, 2009, Glaze was charged by felony information, pursuant to Arkansas Code Annotated section 5-73-103 (Repl.2005), with possession of a firearm by a felon and pursuant to section 5-13-204 with aggravated assault.[1] On June 8, 2009, defense counsel filed a discovery receipt, acknowledging receipt of multiple documents, including a certified copy of a judgment and commitment order in CR 97-478, which included Glaze's 1998 convictions of two counts of terroristic threatening and one count of second-degree battery.

On July 13, 2010, the State filed an amended felony information that added a sentencing enhancement pursuant to Arkansas Code Annotated section 16-90-201,[2] also known as the Habitual Criminal Act. At Glaze's jury trial, which commenced later that morning, defense coun-

---

1. The aggravated-assault charge was later severed.

2. Arkansas Code Annotated section 16-90-201 (Repl.2006), entitled "Punishment for second or subsequent convictions generally," provides in pertinent part:

   Any person convicted of an offense which is punishable by imprisonment in the penitentiary who shall subsequently be convicted for another offense shall be punished as follows: ...

   (3)(A) If the fourth or subsequent offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his or her natural life, then the person shall be sentenced to imprisonment for the fourth or subsequent offense for a determinate term not less than the maximum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than one and one-half (1 ½) times the maximum sentence provided by law for a first conviction.

sel objected to the amendment, acknowledging three prior Arkansas convictions, but arguing that he knew nothing of a conviction in Georgia. The trial court overruled the objection, stating that the amended information did not change the elements of the crime or sentencing. At trial, Glaze admitted to the three Arkansas convictions and that he was on probation for a battery conviction in Georgia.

At the conclusion of the evidence, the jury convicted Glaze of being a felon in possession of a firearm. During sentencing, the State argued that because there was a document that established three prior convictions and Glaze admitted to another conviction in Georgia, he was subject to an enhanced term of imprisonment based on four prior convictions pursuant to section 16–90–201(3)(A). Defense counsel objected to the application of the Georgia conviction because there was no record of it. The trial court overruled the objection, instructing the jury that Glaze was a habitual criminal with four prior convictions, which exposed him to a sentence range of twenty to thirty years' imprisonment.[3] The jury thereafter sentenced Glaze to twenty-five years' imprisonment, which was approved by the trial court. Glaze argues on appeal that his sentence is illegal because the State's amended felony information failed to list the number and nature of his prior convictions and failed to provide him sufficient notice of the fourth Georgia conviction.

Whenever the State seeks to charge a defendant as a previous offender or habitual criminal in order to warrant the imposition of additional punishment for the offense charged, the previous offense is an essential element in the punishment, which must be alleged in the indictment or information. *Finch v. State*, 262 Ark. 313, 316, 556 S.W.2d 434, 436 (1977). The purpose of this requirement is to afford the defendant notice of essential elements upon which the State relies for assessment of punishment and to give him the opportunity to refute such assertions. *Finch*, 262 Ark. at 316, 556 S.W.2d at 436. In the case at bar, there is no dispute that Glaze was properly charged by felony information of being a felon in possession of a firearm, a Class B felony. There is also no dispute that he was charged by an amended information with a sentence enhancement. At issue are the form and timing of the amended information.

Amended informations are permitted by Arkansas Code Annotated section 16–85–407(a)–(b) (Repl.2005), which provides that the State, with leave of the court, may amend an indictment as to matters of form or may file a bill of particulars; however, no indictment shall be amended or bill of particulars filed so as to change the nature of the crime charged or the degree of the crime charged. It is well settled that an information may be amended up to a point after a jury has been sworn if it does not change the nature of a crime or create unfair surprise. *Baumgarner v. State*, 316 Ark. 373, 379, 872 S.W.2d 380, 384 (1994). It has been held that an amendment that adds a habitual-offender allegation does not change the nature or degree of the crime. *Baumgarner*, 316 Ark. at 379, 872 S.W.2d at 384 (citing *Finch*, 262 Ark. at 317, 556 S.W.2d at 436). Such an amendment simply authorizes a more severe punishment, not by creating an additional offense or an independent crime, but by affording evidence

---

**3.** The Class B felony for which Glaze was convicted carries a sentence range of five to twenty years' imprisonment. Ark.Code Ann. § 5–4–401(a)(3) (Repl.2006). Applying this range to the parameters set forth in section 16–90–201(3)(A), the habitual-criminal act, Glaze's enhanced-sentence range would be twenty to thirty years' imprisonment.

to increase the final punishment in the event the defendant is convicted. *Id.* at 379, 872 S.W.2d at 384 (citing *Finch,* 262 Ark. at 317, 556 S.W.2d at 436).

■ Here, there was no error in allowing the amendment based upon its form. The amendment specifically referred to section 16–90–201, which is a habitual-criminal-enhancement statute. While the amendment did not specifically list the number of Glaze's prior felonies or specifically name them, this is not required. In *Wilson v. State,* 251 Ark. 900, 475 S.W.2d 543 (1972), the appellant challenged an amended felony information on the ground that it merely cited to the habitual-criminal statute and failed to specifically designate his four previous convictions. The *Wilson* court rejected the argument, stating that "[a]ny defect in this general allegation could have been reached by a motion for a bill of particulars." *Wilson,* 251 Ark. at 903, 475 S.W.2d at 544. "The information was sufficient to put the appellant on notice that the charges included the habitual-criminal act and any lack of specificity of the allegation was waived by this appearance and voluntary plea." *Id.,* 475 S.W.2d at 545.

■ Likewise, there was no error in allowing the amendment because it was filed the morning of trial. The amendment to the felony information was filed prior to the case being submitted to the jury, which under similar circumstances has been held to be timely. *Traylor v. State,* 304 Ark. 174, 801 S.W.2d 267 (1990) (holding that an amendment to a felony information on the day of trial, charging

the defendant as a habitual criminal, was not error). Glaze's reliance upon *Sherman v. State,* 30 Ark. App. 217, 785 S.W.2d 49 (1990), *appeal dismissed on other grounds by State v. Sherman,* 303 Ark. 284, 796 S.W.2d 339 (1990), is misplaced because there the record was devoid of any allegation of prior convictions or reference to the habitual-offender statute until the trial court's sentencing upon a plea of guilty. *Sherman,* 30 Ark. App. at 220, 785 S.W.2d at 50.

Moreover, Glaze suffered no prejudice or surprise as a result of the amended information. While the amendment was filed the morning of trial, the record reflects that defense counsel was already aware of the three Arkansas convictions. On June 8, 2009, more than a month prior to the filing of the amended felony information and trial, defense counsel filed a document entitled "discovery receipt," which acknowledged receipt of a document that established that Glaze had been convicted of three prior felonies in Arkansas. As for the Georgia conviction, the evidence establishes that, prior to trial, defense counsel was aware that the State intended to use the Georgia conviction, as evidenced by his pretrial objection to that conviction.[4]

Because the amendment was filed prior to the case being submitted to the jury, the amendment expressly stated that it sought to apply a habitual-criminal-sentencing enhancement, and the record demonstrates that Glaze had notice—prior to trial—that the State intended to use four prior convictions to enhance Glaze's sentence, we hold that the trial court did not err in permitting the amendment. There-

---

4. Any argument by Glaze that the State failed to present a certified copy of his Georgia conviction lacks merit because at trial Glaze admitted that he had a conviction in Georgia and was currently on probation for that conviction. "It is generally held that on a charge of a second or subsequent offense, where the

accused confesses the fact of the prior conviction, it is unnecessary for the state to prove such fact." *Jackson v. State,* 226 Ark. 731, 734, 293 S.W.2d 699, 701 (1956) (citing *Constitutionality and Construction of Statute Enhancing Penalty for Second or Subsequent Offense,* 58 A.L.R. 20, 80 (1929)).

fore, we reject Glaze's argument attacking the form and timing of the amendment and affirm his conviction.

Despite this holding, we must reverse in part and remand for resentencing. As previously stated, Glaze was sentenced under Arkansas Code Annotated section 16–90–201, which was our first habitual-criminal statute. *Heard v. State*, 272 Ark. 140, 145, 612 S.W.2d 312, 316 (1981) (citing Act 228 of 1953, formerly Ark. Stat. Ann. § 43–2328). As discussed, the jury was instructed, pursuant to section 16–90–201(3)(A), that the sentence range was twenty to thirty years' imprisonment.

However, the underlying crime with which Glaze was charged—being a felon in possession of a firearm—was filed by the State under the Arkansas Criminal Code, which became effective January 1, 1976. Ark.Code Ann. § 5–73–103. The Criminal Code includes its own enhancement for habitual offenders, providing that a defendant who has previously been convicted or found guilty of four or more felonies is subject to an extended term of imprisonment. Ark.Code Ann. § 5–4–501(b)(1)(A)(i)–(ii) (Supp.2009). Under the Code's habitual-offender enhancement, a conviction of a Class B felony carries a range of imprisonment of not less than five years or more than forty years' imprisonment. Ark.Code Ann. § 5–4–501(b)(2)(C). Therefore, the habitual-criminal enhancement (section 16–90–201) and the habitual-offender enhancement (section 5–4–501) seek to carry out the same purpose, but they carry different sentencing ranges.

▪ Statutes relating to the same subject should be read in a harmonious manner if possible. *Neely v. State*, 2010 Ark. 452, at 3, 370 S.W.3d 820, 822. All legislative acts relating to the same subject are said to be *in pari materia* and must be construed together and made to stand if they are capable of being reconciled. *Nee-*

*ly*, 2010 Ark. 452, at 3–4, 370 S.W.3d at 822. Repeals by implication are not only strongly disfavored by the law, but a statute will only be impliedly repealed in Arkansas when two enactments cannot stand together. *Id.* at 3–4, 370 S.W.3d at 822. Repeal by implication is only recognized in two situations: (1) where the statutes are in irreconcilable conflict, and (2) where the legislature takes up the whole subject anew, covering the entire subject matter of the earlier statute, and adds provisions clearly showing that it was intended as a substitute for the former provision. *Id.* at 4, 370 S.W.3d at 822. We will not find a repeal by implication if there is any way to interpret the statutes harmoniously. *Id.*, 370 S.W.3d at 822.

In *Neely*, our supreme court was presented with the issue of whether Arkansas Code Annotated section 5–4–505 repealed by implication the firearm-enhancement statute found in Arkansas Code Annotated section 16–90–120. The court held that the two statutes could be read harmoniously and were not in irreconcilable conflict and that there was no clear provision from the legislature showing that section 5–4–505 was intended as a substitute for section 16–90–120. *Neely*, 2010 Ark. 452, at 5–6, 370 S.W.3d at 823. Therefore, the court held that section 16–90–120 was not repealed by implication. *Id.*, 370 S.W.3d at 823–24; *see also Sesley v. State*, 2011 Ark. 104, 380 S.W.3d 390; *Hervey v. State*, 2011 Ark. 113, 2011 WL 913203.

▪ Like *Neely*, the two statutes in the case at bar can be read harmoniously. They both seek to enhance the sentence for a person convicted of multiple offenses. One statute applies to crimes committed prior to the enactment of the Criminal Code, while the other applies to crimes committed after the Code's enactment. Ark.Code Ann. § 5–1–103(a)–(c)(1), (2) (Repl.2006) (stating that the Criminal

Code governs prosecutions for any offenses defined by the Code and committed after January 1, 1976, and that the Code does not apply to the prosecution of any offenses committed prior to that date; such offenses shall be construed and punished in accordance with the law existing at the time of the commission of the offense). We hold that this expression by the legislature demonstrates that it did not attempt to cover the subject matter of the earlier statute or intend for the Code to be a substitute for the former provision. Therefore, section 16–90–201 has not been repealed by implication by section 5–4–501.

However, Glaze's sentence is illegal because it was imposed under the old enhancement statute (16–90–201), but he was charged and convicted of an offense under the provisions of the Arkansas Criminal Code. The legislature, in enacting the Criminal Code, intended that defendants convicted of code offenses be sentenced in accordance with Ark.Code Ann. § 5–4–104(a) (Supp.2009). Therefore, the Code governs Glaze's punishment. Accordingly, while we affirm the conviction, we reverse and remand for resentencing within the sentencing range authorized under section 5–4–501.

Affirmed in part; reversed in part; remanded for resentencing.

GRUBER, J., agrees.

BROWN, J., concurs.

WAYMOND M. BROWN, Judge, concurring.

I agree with the decision to affirm Glaze's conviction and to remand this case for resentencing, but I cannot adopt the majority's reasoning about why Glaze should be resentenced. I would hold that Arkansas Code Annotated section 16–90–201 has been repealed by implication. Accordingly, I concur in the decision of the court.

The question here involves an illegal sentence. A sentence is void or illegal when the trial court lacks the authority to impose it.[5] Sentencing is statutory; therefore, a particular sentence must be in accordance with the applicable statute for the court to have authority to impose it.[6] The issue of a void or illegal sentence is a matter of subject-matter jurisdiction that cannot be waived by the parties, may be raised for the first time on appeal, and can be addressed by this court *sua sponte*.[7]

The majority outlines the law on repeal by implication, eliminating the need to recite it here. It correctly states that the Arkansas Criminal Code applies only to those crimes that occurred after January 1, 1976, but that does not end the analysis. In *Neely v. State*,[8] the supreme court held that the firearm-enhancement statute codified at Arkansas Code Annotated 16–90–120 (Repl.2009) was not repealed by the adoption of the criminal code. Also, in *Williams v. State*,[9] the supreme court explicitly rejected the argument that sentencing statutes outside of the criminal code were inapplicable after the enactment of the criminal code. The supreme court's reasoning in *Neely* and *Williams* would presumably be applicable to any sentence-enhancement statute outside of the criminal code. The majority's reasoning runs contrary to that precedent.

5. *Mayes v. State*, 351 Ark. 26, 89 S.W.3d 926 (2002).

6. *Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591.

7. *See Mayes, supra; Campea v. State*, 87 Ark. App. 225, 189 S.W.3d 459 (2004).

8. 2010 Ark. 452, 370 S.W.3d 820.

9. 364 Ark. 203, 217 S.W.3d 817 (2005).

I would hold that section 16–90–201 was implicitly repealed by the passage of section 5–4–501. Both statutes set new sentencing ranges for defendants with multiple convictions. For example, the sentencing range applicable here under section 16–90–201 is twenty to thirty years; under section 5–4–501, it is five to forty years. In contrast to the firearm-enhancement statute, which adds an additional penalty on top of whatever is provided for in the criminal code, both 5–4–501 and 16–90–201 establish the starting points for a jury's sentencing consideration. Under section 5–4–501, a jury could conceivably sentence a habitual offender to less than the maximum for a first-time offender. That is not the case under section 16–90–201 where a defendant has been convicted at least four times. Because they mandate different minimum and maximum sentences, the two statutes cannot be read harmoniously and are in irreconcilable conflict.

Moreover, it is clear that the General Assembly took the matter of habitual-offender sentencing anew by passing section 5–4–501. One need only compare the language of both statutes. Section 16–90–201 provides:

Any person convicted of an offense which is punishable by imprisonment in the penitentiary who shall subsequently be convicted for another offense shall be punished as follows:

(1) If the second offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his or her natural life, then the sentence to imprisonment shall be for a determinate term not less than one (1) year more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for this offense, unless the maximum sentence is less than the minimum sentence plus one (1) year, in which case the longer term shall govern;

(2) If the third offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his or her natural life, then the person shall be sentenced to imprisonment for a determinate term not less than three (3) years more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for the offense, unless the maximum sentence is less than the minimum sentence plus three (3) years, in which case the longer term shall govern;

(3)(A) If the fourth or subsequent offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his or her natural life, then the person shall be sentenced to imprisonment for the fourth or subsequent offense for a determinate term not less than the maximum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than one and one-half (1 ½) times the maximum sentence provided by law for a first conviction.

(B) However, any person convicted of a fourth or subsequent offense shall be sentenced to imprisonment for no less than five (5) years.

In contrast, section 5–4–501 is a much more detailed habitual-offender statute:

(a)(1) A defendant meeting the following criteria may be sentenced to pay any fine authorized by law for the felony conviction and to an extended term of imprisonment as set forth in subdivision (a)(2) of this section:

(A) A defendant who:

(i) Is convicted of a felony other than those enumerated in subsections (c) and (d) of this section committed after June 30, 1993; and

(ii) Has previously been convicted of more than one (1) felony but fewer than four (4) felonies or who has been found guilty of more than one (1) but fewer than four (4) felonies;

. . . .

(2) The extended term of imprisonment for a defendant described in subdivision (a)(1) of this section is as follows: ...
(C) For a conviction of a Class B felony, a term of imprisonment of not less than five (5) years nor more than thirty (30) years;

<sub>13</sub> . . . .

(b)(1) A defendant meeting the following criteria may be sentenced to pay any fine authorized by law for the felony conviction and to an extended term of imprisonment as set forth in subdivision (b)(2) of this section:

(A) A defendant who:

(i) Is convicted of a felony other than a felony enumerated in subsections (c) and (d) of this section committed after June 30, 1993; and

(ii) Has previously been convicted of four (4) or more felonies or who has been found guilty of four (4) or more felonies;

. . . .

(2) The extended term of imprisonment for a defendant described in subdivision (b)(1) of this section is as follows: ...
(C) For a conviction of a Class B felony, a term of imprisonment of not less than five (5) years nor more than forty (40) years;

(c) [Provisions for defendants previously convicted of one or more "serious felonies involving violence"]

(d) [Provisions for defendants previously convicted of two or more "felonies involving violence"]

(e)(1) For the purpose of determining whether a defendant has previously been convicted or found guilty of two (2) or more felonies, a conviction or finding of guilt of burglary, § 5–39–201, and of the felony that was the object of the burglary are considered a single felony conviction or finding of guilt.

(2) A conviction or finding of guilt of an offense that was a felony under the law in effect prior to January 1, 1976, is considered a previous felony conviction or finding of guilt.

[ (f)-(h) Other provisions for serious felonies involving violence or felonies involving violence, as defined by subsections (c) and (d).]

Section 16–90–201 merely establishes new sentencing ranges for habitual offenders. In contrast, section 5–4–501 establishes new minimums and maximums, outlines additional penalties for "felonies involving violence" and "serious felonies involving violence," and delineates procedures for sentencing habitual offenders and rules for counting the number of previous offenses for the purpose of the statute. Clearly, the new statute was intended to replace the old statute completely.

I understand the reluctance to hold that an act of the legislature has been repealed by implication, but I can interpret the law in no other way here. The legislature repealed section 16–90–201 when it passed section 5–4–501. I cannot join the majority's opinion, which holds to the contrary. Therefore, I respectfully concur in the judgment of the court.